STATE OF HAWAII, Plaintiff-Appellee, *v.* MELCOM RAY CORREA, Defendant-Appellant

NO. 9873

(CRIMINAL NO. 58569)

AUGUST 20, 1985

BURNS, C. J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY BURNS, C. J.

Defendant Melcom Ray Correa appeals the judgment adjudicating him guilty of three counts of robbery in the first degree[1]

---

[1] Section 708-840(1)(b), Hawaii Revised Statutes (HRS) (1976), provides:
   Robbery in the first degree. (1) A person commits the offense of robbery in the first degree if, in the course of committing theft:

\* \* \*

   (b)  He is armed with a dangerous instrument and:
      (i)  He uses force against the person of the owner or any person present with intent to overcome the owner's physical resistance or physical power of resistance; or
      (ii)  He threatens the imminent use of force against the person of anyone who is present with intent to compel acquiescence to the taking of or escaping with the property.

(counts I, II, III) and four counts of kidnapping (counts IV, V, VI, VII). He was sentenced to concurrent 20-year imprisonment terms for the robbery counts and concurrent 10-year terms for the kidnapping counts. We affirm the sentence and judgment with respect to counts II, III, IV, V, VI, and VII. We vacate the sentence and judgment with respect to count I.

The undisputed evidence adduced at the jury trial shows that at approximately 10:10 a.m., on November 24, 1982, a lone male person entered Capital Jewelers, 803 Kam Highway, Pearl City, City and County of Honolulu.[2] Employees of the store, Danielle Postmus, Beatrice F. Orion, and Rosalina M. Biscocho, were on duty at the time. The male grabbed Orion, brandished a small black handgun, and ordered the three employees into the bathroom. Upon his inquiry, he was informed that Biscocho had the keys to the front door of the store, which was the only entry and exit to the store. He ordered Biscocho to lock the door but before she did, a customer, Rhonda L. H. Bonilla, entered. The male escorted Bonilla into the bathroom, and after Biscocho locked the front door, the male escorted Biscocho back into the bathroom. The male took jewelry and cash from the store and cash from Orion's handbag. He told Bonilla to open her wallet and give him her money, but she told him she did not have any.

Correa was charged with three counts of robbery in the first degree[3] and four counts of kidnapping. Each of the three robbery

---

[2] Rosalina M. Biscocho testified that Capital Jewelers is owned by Stanley Reiter. We do not know whether Capital Jewelers is a corporation, a partnership, a sole proprietorship, or some other legal entity.

[3]

*COUNT I:* On or about the 24th day of November, 1982, in the City and County of Honolulu, State of Hawaii, MELCOM RAY CORREA, while in the course of committing theft, and while armed with a dangerous instrument, to wit, a handgun, did threaten the imminent use of force against Rosalina M. Biscocho, a person who was present, with the intent to compel acquiescence to the taking of or escaping with the property, thereby committing the offense of Robbery in the First Degree in violation of Section 708-840(1)(b)(ii) of the Hawaii Revised Statutes.

*COUNT II:* On or about the 24th day of November, 1982, in the City and County of Honolulu, State of Hawaii, MELCOM RAY CORREA, while in the course of committing theft, and while armed with a dangerous instrument, to wit, a handgun, did threaten the imminent use of force against Beatrice F. Orion, a person who was present, with the intent to compel acquiescence to the

counts named the victim of the alleged threat of the imminent use of force but not the victim of the alleged theft.

Correa's defense was alibi. His testimony and evidence suggested that the offenses were committed by Richard "Dickie" Botelho, Correa's girl friend's other boyfriend.

However, Correa was positively identified by two of the four victims. Further, his older sister testified that he told her over the phone on November 24, 1982 that he had robbed a Pearl City jewelry store and asked her to help him get rid of the jewelry.

I.

Correa contends that as to each of the three robbery counts the trial court reversibly erred when it refused to name the alleged victim(s) of the robbery in its instructions to the jury. We agree as to count I. We disagree as to counts II and III because that deficiency in the instructions was cured by the verdict forms relating to those counts.

Under HRS § 708-840 (1976), some robberies may involve only a sole victim, *i.e.,* the same person is a victim of the theft and the use of force or the threat thereof. Other robberies may involve co-victims, *i.e.,* the victim(s) of the theft are not the victim(s) of the use of force or the threat thereof.

No matter what the robbery count or counts allege, *see State v. Tuua,* 3 Haw. App. 287, 649 P.2d 1180 (1982), the trial court must instruct the jury as to what specific facts it must find in order for it to find the defendant guilty of a particular count. 2 Wright, *Federal Practice and Procedure: Criminal 2d* § 487 (1982). The jury

---

taking of or escaping with the property, thereby committing the offense of Robbery in the First Degree in violation of Section 708-840(1)(b)(ii) of the Hawaii Revised Statutes.

*COUNT III:* On or about the 24th day of November, 1982, in the City and County of Honolulu, State of Hawaii, MELCOM RAY CORREA, while in the course of committing theft, and while armed with a dangerous instrument, to wit, a handgun, did threaten the imminent use of force against Rhonda L. H. Bonilla, a person who was present, with the intent to compel acquiescence to the taking of or escaping with the property, thereby committing the offense of Robbery in the First Degree in violation of Section 708-840(1)(b)(ii) of the Hawaii Revised Statutes.

must be instructed as to each count that to find the defendant guilty, it must find, *inter alia,* that one or more specifically named persons or legal entities were victims of the theft and the force or the threat of force. Otherwise, the instructions will not accomplish their purpose and will be prejudicially insufficient. *State v. Halemanu,* 3 Haw. App. 300, 650 P.2d 587 (1982).

Here, notwithstanding Correa's objection, the jury was instructed about the elements of robbery but not about the specifics of each count. It was not told who were the alleged sole or co-victims involved in each count. However, the verdict forms provided by the trial court to the jury and which the court instructed the jury to use read as follows:

> WE, the JURY in the above-entitled cause, find the defendant Guilty of ROBBERY IN THE FIRST DEGREE as to Count I. (as to Rosalina Biscocho)

> WE, the JURY in the above-entitled cause, find the defendant Guilty of ROBBERY IN THE FIRST DEGREE as to Count II. (as to Beatrice Orion)

> WE, the JURY in the above-entitled cause, find the defendant Guilty of ROBBERY IN THE FIRST DEGREE as to Count III. (as to Rhonda Bonilla)

The verdict forms facially indicate that count I charged a robbery involving Biscocho as the sole victim, count II charged a robbery involving Orion as the sole victim, and count III charged a robbery involving Bonilla as the sole victim. However, after the jury was selected and the prosecution made its opening statement, the prosecution stated in a bench conference that the victim of the theft in count I was the store.[4]

The verdict forms cured the deficiency in the court's instruction with respect to counts II and III. That is not true, however, as to count I. The jury was not informed that count I charged a theft of the store's property rather than of Biscocho's property. It was not instructed that to find Correa guilty of count I it had to find that while he was stealing the store's property, he threatened the

---

[4] In *State v. Faatea,* 65 Haw. 156, 648 P.2d 197 (1982), the supreme court held that a theft of the property of one business entity from the custody of five of its employees is but one robbery, not five.

imminent use of force against Biscocho. Since the count I verdict form facially finds a robbery involving Biscocho as the sole victim, whereas it should find a robbery involving co-victims Biscocho and Capital Jewelers, it fails to cure the deficiency in the court's instructions as to the particulars of count I. Moreover, it appears that the jury found Correa guilty of a crime for which he was not charged, i.e., a robbery involving Biscocho as the sole victim. Likewise, it appears that the jury did not find Correa guilty of the crime for which count I was intended, i.e., a robbery involving co-victims Biscocho and Capital Jewelers.

Accordingly, we vacate the judgment with respect to count I and affirm the judgment with respect to counts II and III.[5]

## II.

Correa contends that the lower court reversibly erred when it denied his pretrial motion to strike kidnapping counts IV, V, and VII. The basis for the motion was that those kidnapping counts "are included or incidental offenses of the Robbery in the First Degree counts." We disagree.

There are four kidnapping counts and only three robbery counts. Count VI (kidnapping of Postmus) does not overlap any robbery count. Count I was intended to charge robbery of the store. Obviously it does not overlap with any kidnapping count. The only counts that possibly overlap are counts II, III, V, and VII charging robbery and kidnapping of Orion and Bonilla.

Correa also contends that the lower court reversibly erred when it refused to instruct the jury that Correa could not be found guilty of both robbing and kidnapping Orion and Bonilla. This contention is also without merit.

In *State v. DeCenso*, 5 Haw. App. 127, 681 P.2d 573 (1984), we

---

[5] Under HRS § 708-842, an act is "in the course of committing theft" as that phrase is used in HRS § 708-840(1), if it occurs in an attempt to commit theft. Under HRS § 705-500, intentional conduct is an attempt if it constitutes a substantial step in a course of conduct intended to culminate in his commission of the crime. Consequently, there is evidence supporting the guilty verdict on count III.

held that it was permissible to charge and convict DeCenso for both kidnapping and sexual abuse because the kidnapping occurred before the sexual abuse although it continued during the sexual abuse. In his opening brief, Correa labels our holding in *DeCenso* as being "absurd," i.e., ridiculously unreasonable. We disagree and reaffirm *DeCenso*.

Unquestionably, a kidnapping that is necessarily and incidentally committed during a robbery cannot be the basis of a charge of kidnapping in addition to a charge of robbery. That is so because crimes involving the same facts are included offenses. *See* HRS § 701-109(4)(a). Conversely, a kidnapping that was not necessarily and incidentally committed during a robbery may be charged as a separate offense in addition to the robbery charge. Here, there is substantial evidence in the record that with respect to Orion and Bonilla, Correa's acts of kidnapping extended beyond the acts of kidnapping that he necessarily and incidentally committed during the robberies.

## III.

Correa contends that notwithstanding his objection the court's jury instructions did not require the jury to find the prosecution timely and the venue proper. We agree, but in this case, the deficiency is harmless error.

As noted in *State v. Black*, 66 Haw. 530, 668 P.2d 32 (1983), HRS § 701-114 (1976) provides as follows:

Proof beyond a reasonable doubt. (1) Except as otherwise provided in section 701-115, no person may be convicted of an offense unless the following are proved beyond a reasonable doubt:

(a) Each element of the offense;

(b) The state of mind required to establish each element of the offense;

(c) Facts establishing jurisdiction;

(d) Facts establishing venue; and

(e) Facts establishing that the offense was committed within the time period specified in section 701-108.

(2) In the absence of the proof required by subsection (1), the innocence of the defendant is presumed.

Sections 701-108(2)(a) and (b), HRS (1976), provide:
> (a) A prosecution for a class A felony must be commenced within six years after it is committed;
> (b) A prosecution for any other felony must be commenced within three years after it is committed[.]

Rule 18, Hawaii Rules of Penal Procedure (HRPP) (1981), requires the offense to be prosecuted in a circuit where at least part of the offense was committed. The first judicial circuit covers the Island of Oahu, all other islands belonging to the state (other than Maui, Molokai, Lanai, Kahoolawe, Molokini, Hawaii, Kauai, and Niihau), and the district of Kalawao on the Island of Molokai. HRS § 603-1(1) (1976). The City and County of Honolulu covers the same area as the first judicial circuit except that the City and County of Honolulu does not include the district of Kalawao on the Island of Molokai. Article 1, section 1-102, Revised Charter of the City & County of Honolulu 1973 (1983 edition). Consequently, proof that an event occurred in the City and County of Honolulu or on the Island of Oahu is proof that it occurred within the first judicial circuit.

The prosecution admits that it was required to prove timely prosecution and proper venue. Nevertheless, it contends that the trial court was not required to instruct the jury with respect to those issues. As a general rule, we disagree. Evidence is merely the means of proving a fact. The trier of fact still must find the fact. Where timeliness of the prosecution and venue are issues of fact, the jury must be so instructed. 2 Wright, Federal Practice and Procedure: *Criminal 2d* § 485 (1982).

Here, however, there is uncontradicted and undisputed evidence in the record that the offenses occurred on November 24, 1982 in Pearl City, Oahu. Correa's defense was that he did not do it. On these facts, we conclude that the lower court's failure to instruct the jury as to timeliness of the prosecution and venue is error that is harmless beyond a reasonable doubt. *See* Rule 52(a), HRPP (1981).

We distinguish *State v. Black, supra.* In that case, after the prosecution rested its case-in-chief, Black moved for a judgment of acquittal on the ground that the record contained no evidence of proper venue. Upon his conviction, Black appealed the denial of

his motion. There being no evidence of proper venue in the record, the supreme court held that the trial court reversibly erred in not granting Black's motion.

## IV.

We find no merit in Correa's other points and subpoints on appeal.

## V.

We vacate the sentence and judgment with respect to count I and affirm the sentence and judgment with respect to counts II, III, IV, V, VI and VII.

*Earle A. Partington (Schweigert & Associates)* for appellant.
*Sheila Burger,* Deputy Prosecuting Attorney, for appellee.