STATE OF HAWAII, Plaintiff-Appellee, *v.* MAAKA MOLITONI, Defendant-Appellant

NO. 10268

(CRIMINAL NO. 60119)

OCTOBER 22, 1985

BURNS, C.J., HEEN AND TANAKA, JJ.

## OPINION OF THE COURT BY BURNS, C.J.

A jury found defendant Maaka Molitoni guilty of four counts as follows: Count I - rape in the first degree (sexual intercourse); Count II - sexual abuse in the first degree (fondling and sucking of breasts); Count III - sexual abuse in the first degree (touching of vagina with hand); and County IV - kidnapping. Molitoni appeals. We affirm.

The victim testified that after working as a waitress at a Waikiki cabaret, she went off duty and became a customer. She drank alcoholic beverages and danced with various people, possibly including Molitoni. While she was walking alone to her car from the cabaret, Molitoni grabbed her from behind, and then in the following sequence, carried and threw her to the ground, dragged her 20 feet to a stairwell, got on top of her, kissed her face, removed her clothes, squeezed and sucked her breasts, touched her vagina with his hand and "put his fingers in [her]", and inserted his penis into her vagina.

A security guard working in the area testified that he heard a woman screaming and "in a few minutes" investigated. When he arrived at the scene, he saw the victim almost naked, standing, and trying to put her clothes on and Molitoni standing and putting his clothes on. Immediately upon the guard's arrival, the victim went behind him and, while terrified and crying, told him to keep Molitoni away from her. After the victim had dressed and was on the way to her car, Molitoni told him to stop her, but he declined to do so. As she drove off, Molitoni ran after her car.

## I.

Molitoni contends that the trial court erred in not *sua sponte* instructing the jury that if they found that Molitoni "voluntarily released the victim, alive and not suffering from serious bodily injury, in a safe place prior to trial" he would be guilty of only a class B, and not a class A, felony kidnapping. *See* Hawaii Revised Statutes (HRS) § 707-720(3) (1976). We disagree.

The testimony of the victim and the security guard does not support a finding that Molitoni voluntarily released the victim in a safe place after he kidnapped her. Neither does Molitoni's testimony that the victim willingly participated in sexual activity with him until he, in response to her question, told her he loved his wife and not her. Since there is no evidence in the record to support the instruction, there was no error in not giving it.

## II.

Molitoni argues that the denial of his Rule 29, Hawaii Rules of Penal Procedure (HRPP), motion for judgment of acquittal at the close of the prosecution's evidence was in error. However, when he proceeded to present evidence after such denial, he waived any error in the denial of his motion. *State v. Halemanu,* 3 Haw. App. 300, 650 P.2d 587 (1982).

## III.

Molitoni contends that in three respects the trial court reversibly erred when it denied his Rule 29(c), HRPP, motion for judgment of acquittal after the jury returned the verdict of guilty. We find no error.

## A.

First, Molitoni contends that the sexual abuse convictions bar the rape conviction. Since all three convictions occurred at the same trial, we disagree. *See State v. Reyes,* 5 Haw. App. 651, 706 P.2d 1326 (1985).

Alternatively, Molitoni contends that the rape conviction bars the sexual abuse convictions. We disagree.

HRS § 701-109(1) states:

When the same conduct of a defendant may establish an element of more than one offense, the defendant may be prosecuted for each offense of which such conduct is an element. He may not, however, be convicted of more than one offense if:

(a) One offense is included in the other, as defined in subsection (4) of this section; or

(b) One offense consists only of a conspiracy or solicitation to commit the other; or

(c) Inconsistent findings of fact are required to establish the commission of the offenses; or

(d) The offenses differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct; or

(e) The offense is defined as a continuing course of conduct and the defendant's course of conduct was uninterrupted, unless the law provides that specific periods of conduct constitute separate offenses.

HRS § 701-109(4) states:

A defendant may be convicted of an offense included in an offense charged in the indictment or the information. An offense is so included when:

(a) It is established by proof of the same or less than all the facts required to establish the commission of the offense charged; or

(b) It consists of an attempt to commit the offense charged or to commit an offense otherwise included therein; or

(c) It differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a different state of mind indicating lesser degree of culpability suffices to establish its commission.

If the State was relying on the same acts to establish the two sexual

abuse offenses and the rape offense, then the provisions of HRS § 701-109 would prohibit conviction of more than one. However, the record is clear that three separate criminal acts occurred. In sequence, Molitoni 1) squeezed and sucked her breasts; 2) touched her vagina with his hand and "put his fingers in [her]"; and 3) inserted his penis into her vagina.

The supreme court in *State v. Pia,* 55 Haw. 14, 19, 514 P.2d 580, 584-85 (1973), articulated the rule applicable to these facts:

> Where, however,. . .different criminal acts are at issue, supported by different factual evidence even though separated in time by only a few seconds, one offense by definition cannot be "included" in the other. The defendants can properly be punished for [all], under different, *or the same,* statutory provisions.

(Emphasis in text.) *Accord, Hamil v. State,* 602 P.2d 1212 (Wyo. 1979); *Harrell v. State,* 88 Wis.2d 546, 277 N.W.2d 462 (1979).

### B.

Second, Molitoni contends that the kidnapping was necessarily and incidentally committed in the course of the rape and, therefore, he should not have been convicted of both crimes. *See State v. Correa,* 5 Haw. App. 644, 706 P.2d 1321 (1985). We note that Molitoni did not raise this point in his Rule 29(c), HRPP, motion for judgment of acquittal. Thus, the question is whether the lower court's action was plain error. *See* Rule 52(b), HRPP. Our answer is no because there was no error. The kidnapping committed when Molitoni dragged the victim 20 feet was not necessarily and incidentally comitted during the rape. *See State v. Decenso,* 5 Haw. App. 127, 681 P.2d 573 (1984).

### C.

Third, Molitoni contends that the prosecutor made improper final argument. However, the final argument was not transcribed by the court reporter,[1] and Molitoni did not make a record of the proceedings as

---

[1]Pursuant to HRS § 606-12 (1976), court reporters customarily do not make shorthand notes of the closing arguments unless so directed by the trial judge. In relevant part, HRS § 606-12 provides as follows:

allowed by Rule 10(c), Hawaii Rules of Appellate Procedure.

In an affidavit attached to his Rule 29(c) motion, Molitoni's counsel stated that the deputy prosecutor, in his final argument, "referred to [Molitoni's] witnesses as either being like a brother or a relative of [Molitoni] in that they were from Tonga and that, hence, their testimony was not believable[.]"

At the hearing on Molitoni's motion, the following conversation took place between the trial judge and Molitoni's counsel:

[MR GESHELL:]   The prosecution argued in final argument that they're all from Tonga, and they are not believable because there are some Tongan connection[s] here. They're all relatives or something like that.

Now, I'll be the first to say that I didn't object to that argument. I guess for want of a better explanation I guess I trusted exactly what the jurors told us on voir dire that they were not prejudiced or biased against Tongans. It never occurred to me that such a factor would interfere with their judgment in this case[.]

\*     \*     \*     \*     \*

MR. GESHELL:   Your Honor,. . .I specifically recall Mr. Paccaro saying —

THE COURT:   They were friends since they were in Tonga. It's different from saying they're Tongan brothers.

MR. GESHELL:   He said they treated them like they were brothers. They went drinking.

THE COURT:   But the form of the argument is that he cast a racial aspersion on the Defendant. That is not correct, and the Court will make a specific finding for the record on that point.

MR. GESHELL:   Well, that's my recollection of the final argu-

---

Duties of reporters.   The duties of each court reporter shall be to attend upon the court and write down all the testimony of witnesses in shorthand, together with the proceedings and objections of counsel, exclusive of argument, the rulings of the court, charge to the jury, and any other matter which the court may require him to report. \* \* \* Other appropriate duties for the reporters to perform may be prescribed by rule of court.

Upon the timely request of a party, however, the trial judge should require the court reporter to make shorthand notes of the closing arguments. In this case, it does not appear that either party made such a request.

ment, and that's why at the time I did not make any objection to it because I assumed that that was not the tone of the argument.

THE COURT: That's absolutely correct. It was not the tone.

MR. GESHELL: But the fact they had to totally disregard what Mafi said, and I come to the conclusion that there must have been something —

\* \* \* \* \*

[THE COURT:] [W]ith regard to defense counsel's argument that there was impropriety in the prosecutor's argument, the Court makes a finding that the argument was on the basis of attacking the motive or bias of [Molitoni's] witnesses in their testimony in court. It was not to suggest that because they were Tongans that they were lying; but because they were from the same location and they had known each other for a time and treated them as family that this gave them more favortism [sic] or a leaning toward [Molitoni] which established the bias.

The record does not support Molitoni's contention that the prosecutor made improper final argument. On the contrary, it reveals that the contention is the product of counsel's attempt to rationalize an excuse as to why the jury believed the victim and the prosecution's witnesses and not Molitoni and his witnesses.

Affirmed.

*R. Steven Geshell* for defendant-appellant.

*Pamela Tamashiro,* Deputy Prosecuting Attorney, City & County of Honolulu (*Arthur E. Ross* on the brief), for plaintiff-appellee.