980 F.2d 738
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Naimish D. PARIKH, Plaintiff-Appellant,
v.
Wendell Kaipo HUDDY; Bradley R. Pulice, Defendants-Appellees.
 No. 92-15058.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 13, 1992.*
Decided Dec. 2, 1992.
 
 Before CHOY, SNEED and SKOPIL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Naimish D. Parikh appeals pro se this district court's dismissal with prejudice of his 42 U.S.C. § 1983 civil rights action. The district court dismissed Parikh's complaint for failure to state a cognizable claim under 42 U.S.C. § 1983. We affirm.
 
 
 3
 Parikh filed a civil rights complaint against state court judge Wendell Kaipo Huddy and Bradley R. Pulice, Judge Huddy's law clerk, claiming that their refusal to file his Hawaii Rule of Penal Procedure 35 motion to correct an alleged illegal sentence had denied him "access to the courts which was necessary for the proper adjudication of [his] claims (colorable or not)."
 
 
 4
 "To make out a cause of action under section 1983, plaintiffs must plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 624 (9th Cir.1988) (citation omitted). A district court can dismiss a section 1983 claim after determining that the plaintiff failed to allege the deprivation of a federal right. Dooley v. Reiss, 736 F.2d 1392, 1394 (9th Cir.), cert. denied 469 U.S. 1038 (1984).
 
 
 5
 Parikh has failed to show that defendants' failure to consider his motion deprived him of a federally protected right. Pursuant to Haw.R.Penal P. 35, an individual can petition the court to correct an illegal sentence at any time, or an individual can petition to the court to correct a sentence imposed in an illegal manner within 90 days after the sentence is imposed. Haw.R.Penal P. 35 (1988).
 
 
 6
 In his Rule 35 motion, Parikh argued that his conviction and sentence for both rape and kidnapping were illegal, because they violated provision of Haw.Rev.Stat. § 701-109(1)(a), the double jeopardy clause of the Hawaii Constitution and the double jeopardy clause of the United States Constitution.
 
 
 7
 Parikh's sentence was imposed within the legal limits and within the bounds of the state court's discretion. Conviction of rape and kidnaping does not violate Haw.Rev.Stat. § 701-109(1). State v. Hoopii, 710 P.2d 1193, 1196-7 (Haw.1985). Conviction of rape and kidnapping does not implicate the prohibition against double jeopardy contained in the Hawaii Constitution. State v. Decenso, 681 P.2d 573, 580 (Haw.App.1984). Nor do Parikh's state conviction and sentence violate the double jeopardy clause of the United States Constitution. See Blockburger v. United States, 284 U.S. 299, 304 (1932) (if two different offenses are charged and each involve different acts, they are not the same act and do not implicate the constitutional prohibition against double jeopardy); see also Haw.Rev.Stat. § 707-720(1)(d) (1988) (kidnapping) and § 707-731(1)(a) (1988) (sexual assault in the second degree); State v. Molitoni, 711 P.2d 1303, 1306 (Haw.App.1985), cert. denied (Haw. Nov. 5, 1985).
 
 
 8
 Parikh's conviction and sentencing are legal and his Rule 35 motion filed on April 2, 1990, more than 90 days after he was sentenced on September 29, 1988, was time-barred. See Haw.R.Penal Proc.P. 35.[1]
 
 
 9
 Accordingly, defendants' failure to consider the Rule 35 motion did not deprive Parikh of access to the courts.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Moreover, Pulice instructed Parikh to file a Haw.R.Penal P. 40 petition for post-conviction relief instead of the Rule 35 motion, which Parikh did, and which was considered and denied by the Hawaii state courts