**STATE OF HAWAI'I**, Plaintiff–Appellee, v. **RAYNOLD SCOTT K. HORSWILL**, also known as Scott Kihakapu Horswill, Scott Kekoa, and Scott Raymond Horswill, Defendant–Appellant

NO. 16108

(CR. NO. 91–0006)

AUGUST 18, 1993

MOON, C.J., KLEIN, LEVINSON, NAKAYAMA, AND RAMIL, JJ.

OPINION OF THE COURT BY MOON, C.J.

Defendant–appellant Scott K. Horswill (Horswill), subsequent to jury trial, appeals his convictions on two counts of sexual assault in the first degree, in violation of Hawai'i Revised Statutes (HRS) § 707–730(1)(a), two counts of sexual assault in the third degree, in violation of HRS § 707–732(1)(e), one count of kidnapping, in violation of HRS § 707–720(1)(d), one count of assault in the first degree, in violation of HRS § 707–710(1), one count of burglary in the first degree, in violation of HRS § 708–810(1)(c), one count of assault in the third degree, in violation of HRS § 707–712(1)(a), and one count of unlawful imprisonment in the second degree, in violation of HRS § 707–722(1).

On appeal, Horswill contends that the trial court committed plain error by: (1) failing to particularly and separately instruct the jury on the two separate counts of sexual assault in the first degree; (2) excluding the lack of consent from the elements instructions for the sexual assault charges; (3) giving a misleading instruction for the defense of consent; and (4) convicting him of kidnapping in addition to sexual assault and assault. Finding no plain error, we affirm.

## I.

Horswill and Complainant were in a relationship that lasted four years, during which time the two had lived together, on and off, for three and one–half years in a home owned by Complainant's father. However, Horswill had moved out of the home approximately one and one–half to two weeks prior to the night in question.

On December 22, 1990, Complainant was home alone with her daughter (Daughter). Both Complainant and Daughter went to sleep early that evening. Complainant was later awakened by Horswill when he shoved his fingers down her throat and began punching her in the face.

Complainant thought she lost consciousness for a while because she next remembers walking to Daughter's room in response to Daughter's call. Complainant found Horswill holding Daughter down. Upon seeing Complainant, Horswill approached Complainant and shoved his fingers down her throat again.

Horswill then returned his attention to Daughter. At this time, Complainant went to the back door of her home and attempted to call her brother, who lived next door, but was unable to speak. Horswill found Complainant at the door and began choking her again.

Complainant next remembers lying on the living room floor, where she felt Horswill insert what she thought was the handle of a butter knife into her vagina. Horswill then led Complainant to her bedroom. As they passed Daughter's room, Complainant noticed that Daughter's hands and mouth were taped. At Complainant's request, Horswill removed the tape.

When Horswill returned from Daughter's room, he placed his mouth on Complainant's breast, made her (1) place his penis in her mouth; (2) place her hands on his penis; and (3) place his penis in her vagina. Shortly thereafter, Horswill fell asleep. When Complainant attempted to leave, Horswill awoke, choked her, and placed her back in bed. They had intercourse a second time, after which Horswill again fell asleep.

Complainant waited approximately twenty minutes before leaving. Both Complainant and Daughter went next door to Complainant's brother's home. At some later time, Horswill left the house.

At trial, Horswill admitted beating Complainant, but denied sexually assaulting her. Horswill stated that they had consensual intercourse, after which Complainant told him that their relationship was over. He then began hitting her in a "blind rage."

## II.

Horswill argues that the trial court committed three errors in giving the jury instructions. In reviewing jury instructions, the standard of review is whether, when read and considered as a whole, the instructions given are prejudicially insufficient, erroneous, inconsistent, or misleading. *State v. Kelekolio*, 74 Haw. 479, 514–15, 849 P.2d 58, 74 (1993) (citations omitted).

Because Horswill did not object to the instructions, he alleges plain error on appeal. We may recognize plain error when the error committed affects substantial rights of the defendant. *Kelekolio*, 74 Haw. at 515, 849 P.2d at 75 (citations omitted). For the reasons discussed below, we find Horswill's arguments are without merit.

### A.

Horswill's first point of error concerns the court's failure to separately instruct the jury on the two counts of sexual assault in the first degree (Counts 1 and 2). The trial court's instruction was as follows:

> In Counts 1 and 2 *separately*, [Horswill] is charged with the offense of Sexual Assault in the First Degree. A person commits the offense of Sexual Assault in the First Degree if he knowingly subjects another person to an act of sexual penetration by strong compulsion.
>
> There are three material elements to this offense, each of which must be proven by the prosecution beyond a reasonable doubt. These three elements are: One, [Horswill] subjected [Complainant] to an act of sexual penetration by inserting his penis into her vagina; and two, [Horswill] did so knowingly; and three, [Horswill] did so by strong compulsion.

(Emphasis added.)

In support of his argument, Horswill cites *State v. Correa*, 5 Haw. App. 644, 706 P.2d 1321 (1985), *habeas corpus denied sub nom. Correa v. MacDonald*, 927 F.2d 608 (9th Cir. 1991), for the proposition that a court must instruct a jury as to the specific facts it must find before adjudging a defendant guilty of a particular count.

In *Correa*, the defendant was convicted of, *inter alia*, three counts of robbery in the first degree. Defendant, who had entered a jewelry store where three employees were on duty, took jewelry and cash from the store as well as cash from one of the employee's handbags. The Intermediate Court of Appeals (ICA) noted that

> some robberies may involve only a sole victim, *i.e.*, the same person is the victim of the theft and the use of force or the threat thereof. Other robberies may involve co–victims, *i.e.*, the victim(s) of the theft are not the victim(s) of the use of force or the threat thereof.

*Correa*, 5 Haw. App. at 646, 706 P.2d at 1323. Each of the three robbery counts named the victim of the alleged threat of the imminent use of force but not the victim of the alleged theft.[1]

The jury was instructed on the elements of robbery but not about the specifics of each count. It was not told who were the alleged sole or co–victims involved in each count. It was not informed that although count I charged threat of the imminent use of force against one of the employees, the victim of the theft was the store. The jury

---

[1] Each of the three counts were identically worded, except for the name of the employee, and stated in pertinent part that defendant

> while in the course of committing theft, and while armed with a dangerous instrument, to wit, a handgun, did threaten the imminent use of force against [employee's name], a person who was present, with the intent to compel acquiescence to the taking of or escaping with the property, thereby committing the offense of Robbery in the First Degree[.]

*Correa*, 5 Haw. App. at 645–46 n.3, 706 P.2d at 1323 n.3. After jury selection and the prosecution's opening statement, the prosecutor advised the court at a bench conference that the victim of the theft in count I was the store. *Id.* at 647, 706 P.2d at 1324.

was also not instructed that to find the defendant guilty of count I, it had to find that while stealing the store's property, the defendant threatened the imminent use of force against the employee.

On appeal, the ICA noted that the verdict forms presented to the jury facially identified which employee was related to which count; however, such identification implied that each employee was the sole victim in each count. Because such identification was provided, the ICA held that the verdict forms with respect to counts II and III cured any deficiency in the court's instruction. However, the same was not true for count I. The ICA determined that because the jury was not informed that count I charged a theft of the store's property rather than of the employee's property, it appeared that defendant was convicted of a crime for which he was not charged. Moreover, the jury did not find the defendant guilty of the crime for which count I was intended. The ICA therefore vacated the judgment with respect to count I, but affirmed the judgment as to counts II and III.

The confusion in *Correa* is not present in the case before us. The instruction given by the court clearly stated that Counts 1 and 2 were separate counts. Moreover, there was only one complaining witness, who testified that Horswill inserted his penis into her vagina twice, clearly accounting for the two separate counts.[2] Accordingly, we hold that the trial court did not commit plain

---

[2] Horswill also contends that the instruction was so unspecific as to time and place that the jury could not have had a clear understanding of the charge. This argument is without merit. There is no ambiguity as to the time and place of the sexual assaults. Complainant testified that Horswill twice inserted his penis into her vagina and that both incidents occurred in the Complainant's home on the evening of

error when it gave a single instruction encompassing the two counts of sexual assault in the first degree.

### B.

Horswill next contends that the trial court committed plain error when it failed to instruct the jury that lack of consent is an element of sexual assault in the first degree. The consent instruction was as follows:

> In this prosecution, [Complainant's] and [Daughter's] consent to the conduct alleged, or the result thereof, is a defense if the consent negatives an element of the offense or precludes the infliction of the harm sought to be prevented by the law defining the offense.
>
> The burden is upon the prosecution to prove beyond a reasonable doubt that the complaining witness did not consent to the conduct alleged or the result thereof. If the prosecution fails to meet its burden, then you must find [Horswill] not guilty.

In support of his contention, Horswill relies on HRS § 702–205, which reads:

> **Elements of an offense.** The elements of an offense are such (1) conduct, (2) attendant circumstances, and (3) results of conduct as:
> 
>    (a) Are specified by the definition of the offense, and
> 
>    (b) Negative a defense (other than a defense based on the statute of limitations, lack of venue or lack of jurisdiction).

---

December 22, 1990 and the early morning hours of December 23, 1990. Thus, we cannot say that the jury was misled or confused as to the time and place of the sexual assaults.

Horswill submits that because HRS § 702–205 categorizes conduct, attendant circumstances, and results of conduct which negative a defense as an element of the offense charged, his consent defense was compromised when it was excluded from the other elements of the sexual assault instruction.

This argument is not supported by case law. Although we have stated that a defendant is entitled to an instruction on consent where there is any evidence of consent in a trial for sexual assault in the first degree, we have not stated that the instruction must be included in the elements instruction. *See State v. Lira*, 70 Haw. 23, 759 P.2d 869, *reconsideration denied*, 70 Haw. 662, 796 P.2d 1005 (1988). Moreover, after reviewing the instructions as a whole, it is clear that the jury was instructed that consent is a complete defense, and that the prosecution had the burden of negating consent beyond a reasonable doubt. Based on the standard under which we must review the instructions as a whole, *see Kelekolio*, 74 Haw. at 514–15, 849 P.2d at 74 (citations omitted), we conclude that the instruction on consent as given to the jury was not prejudicially insufficient, erroneous, inconsistent or misleading simply because it was not included as an element of sexual assault. We further hold that a consent instruction may be given separately and need not be included as an element of sexual assault.

## C.

Horswill's third contention is that the consent instruction itself was misleading because the instruction stated that Complainant's and Daughter's consent to the alleged conduct constituted a defense. Horswill argues that this instruction was misleading because Daughter's consent

was not required to establish consensual sex with Complainant.

We find this argument to be without merit. The consent instruction clearly stated that the prosecution had the burden of proving "beyond a reasonable doubt that the *complaining witness* did not consent to the conduct alleged or the result thereof." Complainant was "the complaining witness" with respect to the sexual assault charges; and, thus, clearly only her consent was necessary to constitute the defense. Moreover, Daughter was "the complaining witness" with respect to the charges of assault in the third degree and unlawful imprisonment in the second degree, thus Daughter's consent would be necessary to constitute the defense with respect to those charges.

### III.

Finally, Horswill contends that the trial court committed plain error in convicting him of kidnapping in addition to sexual assault and assault, in violation of HRS § 701–109 (1985). HRS § 701–109 reads, in pertinent part:

> **Method of prosecution when conduct establishes an element of more than one offense**. (1) When the same conduct of a defendant may establish an element of more than one offense, the defendant may be prosecuted for each offense of which such conduct is an element. He may not, however, be convicted of more than one offense if:
>
> (a) One offense is included in the other, as defined in subsection (4) of this section[.]
>
> . . . .

(4) A defendant may be convicted of an offense included in an offense charged in the indictment or the information. An offense is so included when:

(a) It is established by proof of the same or less than all the facts required to establish the commission of the offense charged[.]

The aforementioned section restricts the prosecution's power to convict a defendant of two different offenses involving the same conduct. A defendant may not be convicted of both charged offenses if one is an "included" offense as defined by HRS § 701–109(4). *State v. Decenso*, 5 Haw. App. 127, 134–35, 681 P.2d 573, 579 (1984). However, where two different criminal acts are at issue, supported by different factual evidence, even though separated in time by only a few seconds, one offense by definition cannot be included in the other. *Id.* at 135, 681 P.2d at 580 (citing *State v. Pia*, 55 Haw. 14, 19, 514 P.2d 580, 584–85 (1973)). Thus, it is possible for a defendant in the context of one criminal transaction to commit several acts independently violative of one or more statutes, and he or she may be punished for all of them if charges are properly consolidated by the prosecution in one trial. *Id.* at 135, 681 P.2d at 580 (citing *Pia*, 55 Haw. at 19, 514 P.2d at 584–85).

Like the instant case, *Decenso* involved kidnapping and sexual assault. The ICA held that the act of kidnapping by the defendant was completed when he placed his hands over the victim's mouth, threatened her with bodily harm, placed her on the ground, and tied her hands. The fact that the kidnapping continued during the sexual assault did not cause the kidnapping offense to be

included in the sexual assault, and therefore, the ICA concluded that the trial court erred when it dismissed the kidnapping charge under HRS § 701–109(1)(a). ***Decenso**, 5 Haw. App. at 135, 681 P.2d at 580.

Applying *Decenso*, Horswill completed the act of kidnapping when he first entered the home and restrained Complainant in her bed. Any subsequent restraint of Complainant, which continued throughout the subsequent sexual assault and assault, was not necessary to the perpetration of the kidnapping. *Id.*; *see also* ***State v. Hoopii***, 68 Haw. 246, 710 P.2d 1193 (1985) (the act of kidnapping was completed at the moment the defendant restrained the complainant by abducting her, putting her in his van, and driving away; any subsequent restraint committed during the sexual assault was not necessary to the perpetration of the kidnapping); ***State v. Molitoni***, 6 Haw. App. 77, 711 P.2d 1303 (1985) (kidnapping was committed when the defendant dragged the complainant twenty feet and was not necessarily and incidentally committed during the sexual assault, which proceeded immediately thereafter). Thus, we conclude the trial court did not commit plain error when it allowed Horswill to be convicted of kidnapping in addition to sexual assault and assault.

Based on the foregoing, we affirm.

On the briefs:

*Todd Eddins*, Deputy Public Defender, for defendant–appellant.

*Patricia A. Loo*, Deputy Prosecuting Attorney, for plaintiff–appellee.