895 P.2d 173

**STATE of Hawai'i, Plaintiff–Appellee,**

v.

**Darren HOLBRON, Defendant–Appellant.**

**No. 16706.**

Intermediate Court of Appeals of Hawai'i.

May 8, 1995.

As Amended May 10, 1995.

Reconsideration Denied May 26, 1995.

Peter England Roberts, on the briefs, Honolulu, for defendant-appellant.

James H.S. Choi, Deputy Prosecuting Atty., on the brief, Honolulu, for plaintiff-appellee.

Before BURNS, C.J., and WATANABE and ACOBA, JJ.

ACOBA, Judge.

On January 13, 1992, Defendant–Appellant Darren Holbron (Defendant) was charged with five felony counts: Count I, kidnapping in violation of Hawai'i Revised Statutes (HRS) § 707–720(1)(e) (Supp.1992); Count II, use of a firearm in the commission of a felony in violation of HRS § 134–6(a) (Supp. 1992); Count III, possession of a firearm by a convicted person in violation of HRS § 134–7(b) (Supp.1992) [1]; Count IV, possession of ammunition by a convicted person also in violation of HRS § 134–7(b); and Count V, carrying a loaded firearm in a prohibited manner in violation of HRS § 134–6(c). Defendant proceeded to a jury trial and was acquitted of Count V by the trial court. The jury found Defendant guilty of Counts I through IV. On December 17, 1992, the trial court sentenced Defendant to a term of ten years on Counts I, III, and IV and a term of twenty years on Count II with all sentences to run concurrently.

Defendant appeals from the judgment of conviction on three grounds: (1) the court failed to instruct the jury on the essential state of mind element required to be proven in Counts III and IV; (2) the court erred in admitting State's Exhibit 4 into evidence, a redacted copy of a judgment offered to prove that Defendant had been convicted of a prior felony in support of the charges in Counts III and IV; and (3) the court erred in failing to instruct the jury that the State was required to prove venue beyond a reasonable doubt.

Pivotal in points (1) and (3), and in every criminal case, as well, is HRS § 701–114 (1985) of the Hawai'i Penal Code (HPC). It provides that:

(1) Except as otherwise provided in section 701–115,[2] no person may be convicted of an offense unless the following are proved beyond a reasonable doubt:

....

(b) The state of mind required to establish each element of the offense;

....

(d) Facts establishing venue; ...

....

(2) In the absence of the proof required by subsection (1), the innocence of the defendant is presumed.

(Footnote added.)

On its face, then, the HPC prohibits conviction unless the matters set forth in HRS § 701–114 are proven beyond a reasonable doubt; absent such proof, the presumption of innocence would not be overcome.

## I.

Relevant to the state of mind element is the direction in HRS § 702–204 (1985) that "a person is not guilty of an offense unless he [or she] acted intentionally, knowingly, recklessly, or negligently, as the law specifies, with respect to each element of the offense." Defendant was charged in Counts III and IV with possessing a firearm and ammunition in violation of HRS § 134–7(b) which states:

No person who is under indictment for, or has waived indictment for, or has been convicted in this State or elsewhere of having committed a felony, or any crime of violence, or an illegal sale of any drug shall own, possess, or control any firearm or ammunition therefor.

HRS § 134–7(b) does not describe a culpable state of mind attendant to the prohibited acts. In such a case, the HPC provides that, "When the state of mind required to establish an element of an offense is not specified by the law, that element is established if, with respect thereto, a person acts intentionally, knowingly, or recklessly." HRS § 702–204. Accordingly, the requisite state of mind

---

1. Hawai'i Revised Statutes (HRS) § 134–7(b) (Supp.1994) now provides:

 (b) No person who is under indictment for, or has waived indictment for, or has been bound over to the circuit court for, or has been convicted in this State or elsewhere of having committed a felony, or any crime of violence, or an illegal sale of any drug shall own, pos-

sess, or control any firearm or ammunition therefor.

Essentially, the amendment added "has been bound over to the circuit court for[.]"

2. The exception clause refers to the standard of proof applicable when affirmative defenses are raised and does not apply here.

for a violation of HRS § 134–7(b) is that of acting intentionally, knowingly, or recklessly. The Hawai'i Supreme Court has held that a prior version of HRS § 134–7(b),[3] which was substantially like the present statute and which did not specify any state of mind, required proof that Defendant acted intentionally, knowingly, or recklessly. *State v. Pinero,* 70 Haw. 509, 526, 778 P.2d 704, 715 (1989).

The lack of any specified state of mind in HRS § 134–7(b) might lead to the conclusion that the offenses were intended to be strict or absolute liability crimes. But unless "a legislative purpose to impose absolute liability for such offense[s] ... plainly appears[,]" the states of mind denominated in HRS § 702–204 apply. HRS § 702–212(2) (1985). Nothing "plainly appears" in HRS § 134–7(b) which would render it an absolute liability crime. " 'That such a purpose should not be discerned lightly by the courts seems very clear.' " Commentary to HRS § 702–212 (1985) (quoting *Model Penal Code* § 301.1, comment at 145 (Tentative Draft No. 4 1955)). Thus, the Hawai'i Supreme Court has held that "a legislative purpose to impose absolute liability with respect to the mental element of the offense does not plainly appear in [the prior HRS § 134–7(b) ]." *Pinero,* 70 Haw. at 526, 778 P.2d at 715. No section of HRS chapter 134 has been held to impose absolute liability for the acts proscribed. *See, e.g., State v. McDowell,* 66 Haw. 650, 672 P.2d 554 (1983) (HRS § 134–8 (Supp.1980) which did not specify a state of

mind was held to be a "general intent" crime); *State v. Kane,* 3 Haw.App. 450, 652 P.2d 642 (1982) (HRS § 134–9 (Supp.1980) does not impose absolute liability).

Nor is a negligent state of mind applicable under the express terms of HRS § 702–204. "Negligence with respect to the element of an offense will not establish that element unless specifically so provided." Commentary to HRS § 702–204 (1985).

Therefore, the State must prove that a defendant acted intentionally, knowingly, or recklessly before he or she may be convicted of the offenses proscribed in HRS § 134–7(b).

▮ In a jury trial, Defendant's state of mind is a fact that must be determined by the jury. *See State v. Gabrillo,* 10 Haw.App. 448, 457, 877 P.2d 891, 895 (1994). But here, as the State readily concedes, the court failed to instruct the jury on the state of mind element under HRS § 134–7. However, the State "submits that the admitted error was not sufficiently prejudicial to warrant a reversal[.]" Yet, the failure to attribute a state of mind to the act charged would logically lead the jury to the erroneous conclusion that the HRS § 134–7(b) offenses were absolute liability crimes. Or, the jury would treat the offenses as if they were absolute liability crimes because no state of mind was specified in the instructions.[4] As related previously, the imposition of absolute liability for prohibited conduct is not permitted unless the legislature's intent to do so "plainly ap-

**3.** HRS § 134–7(b) (1985) provided:

No person who is under indictment or who has waived indictment for, or has been convicted in this State or elsewhere of having committed a felony, or any crime of violence, or of the illegal sale of any drug, shall own or have in the person's possession or under the person's control any firearm or ammunition therefor.

**4.** The jury instructions stated:

In Count 3 of the Complaint, Defendant is charged with the offense of Possession of Firearm By a Person Convicted of Certain Crimes.

. . . .

There are two material elements to this offense, each of which the prosecution must prove beyond a reasonable doubt.

These two elements are:

1. That the Defendant did own, possess, or control a firearm.

2. That the Defendant did so having been previously convicted in the State of Hawaii [Hawai'i] or elsewhere of having committed a felony.

In Count 4 of the Complaint, Defendant is charged with the offense of Possession of Ammunition By a Person Convicted of Certain Crimes.

. . . .

There are two material elements to this offense, each of which the prosecution must prove beyond a reasonable doubt.

These two elements are:

1. That the Defendant did own, possess, or control ammunition for a firearm.

2. That the Defendant did so having been previously convicted in the State of Hawaii [Hawai'i] or elsewhere of having committed a felony.

pears," HRS § 702–212(2) and, as *Pinero* has held, such a purpose does not exist in the case of HRS § 134–7(b). Also, here, the court did instruct the jury as to the requisite states of mind for the offenses of kidnapping and of the use of a firearm in the commission of a felony in Counts I and II, respectively. We have said under similar circumstances:

> The fact that the court specifically instructed the jury that the State was required to prove a mental element for each of the other charges against Defendant but did not so instruct them as to [certain] Count[s] could have misled the jury into thinking that the mental element was not an essential element of [those] Count[s]. The jury could have compared the instructions and decided [mistakenly] that the State was not required to prove a mental element in [such] Count[s].

*State v. Hassard,* 9 Haw.App. 368, 372, 842 P.2d 267, 270 (1992), *cert. denied,* 74 Haw. 652, 845 P.2d 1193 (1993).

■ Although Defendant did not object to the instructions below, we may take notice of plain errors which affect the substantial rights of defendants, *State v. Horswill,* 75 Haw. 152, 156, 857 P.2d 579, 581–82 (1993); Hawai'i Rules of Penal Procedure (HRPP) Rule 52(b), and we do so here.[5] For, " '[i]t is a grave error to submit a [criminal] case to a jury without accurately defining the offense charged and its elements.' " *Pinero,* 70 Haw. at 527, 778 P.2d at 715 (quoting 2 C. Wright, *Federal Practice and Procedure: Criminal* § 487, at 723 (2d ed. 1982)). The wrong instruction could only have "left an erroneous impression in the minds of the

jurors." *State v. Laurie,* 56 Haw. 664, 672, 548 P.2d 271, 277 (1976).

Based on the foregoing reasons, we hold that the failure to instruct the jury on the state of mind element, as required by HRS § 701–114(1)(b), was prejudicial and not harmless error.

## II.

■ Defendant also contends that the court committed reversible error when it failed to instruct the jury regarding venue.[6] As in the case of a requisite state of mind, the HPC requires that venue must be proven beyond a reasonable doubt before a person may be convicted of an offense. Indeed, the failure to prove venue under HRS § 701–114 will result in the defendant's acquittal. *See State v. Black,* 66 Haw. 530, 668 P.2d 32 (1983) (reversing conviction in a jury waived trial because State failed to prove venue). HRS § 701–114(1)(d) (1985). *Accord State v. Young,* 8 Haw.App. 145, 154, 795 P.2d 285, 291 (1990); *State v. Correa,* 5 Haw.App. 644, 649–50, 706 P.2d 1321, 1325 (1985). Under the HPC, proof of the procedural element of venue is held to the same high standard as the substantive elements of an offense. The rationale for imposing the same standard of proof to procedural elements as to substantive elements of a crime was to avoid confusing the jury, as explained by the following comment to the parallel provision in the Model Penal Code (the Code):

> *In treating jurisdiction and venue as elements that must be proved beyond a reasonable doubt, the [Model Penal] Code*

5. Compare *State v. Pinero,* 75 Haw. 282, 302, 859 P.2d 1369, 1379 (1993), in which the defendant's "concessions at trial concerning the point he now raises as 'plain error' effectively foreclose[s] any argument that his rights were substantially prejudiced by the erroneous instruction." Thus, the supreme court determined that "the trial court did not commit 'plain error[.]' " *Id.* at 292, 859 P.2d at 1374. Although the defendant in *Pinero* did not testify, his concessions were made in his opening and closing arguments. *Id.* at 302, 859 P.2d at 1379. Here, there is no indication in the record that Defendant conceded that he possessed the state of mind required as an essential element of the offenses charged in Counts III and IV. Nor does the State contend that he did.

6. Because this case was tried in the Circuit Court of the First Circuit, the prosecution had to establish that the offense was committed in the first circuit. Hawai'i Rules of Penal Procedure Rule 18. "The first judicial circuit covers the Island of Oahu [O'ahu], all other islands belonging to the state (other than Maui, Molokai [Moloka'i], Lanai [Lana'i], Kahoolawe [Kaho'olawe], Molokini, Hawaii [Hawai'i], Kauai [Kaua'i], and Niihau [Ni'ihau]), and the district of Kalawao on the Island of Molokai [Moloka'i]." *State v. Correa,* 5 Haw.App. 644, 650, 706 P.2d 1321, 1325 (1985). *Accord* HRS § 603–1 (1985) (amended 1994) (effective July 1, 1994, Molokini would no longer be part of the first circuit (1994 Haw.Sess.L. Act 103, at 229–30)).

*imposes a more rigorous standard than many states that call for proof only by a preponderance.* Whether the same is true as to limitations, which the Code also treats as involving an element, is less clear. Much as there is to say for a distinction between facts that establish the criminality of the defendant's conduct and those that merely satisfy procedural requirements, with a heavier burden for the former than the latter, there is grave danger of confusion in presenting to a jury different standards for appraising different features of the prosecution's case. So long as venue and jurisdiction present questions for the jury on the general issue, the prosecutors among the Model Penal Code Advisory Committee were agreed that a slight relaxation of the burden of persuasion could not compensate for the confusion likely to be caused by utilizing a double standard of this kind.

*Model Penal Code* § 1.12 comment at 188–90 (1985) (footnotes omitted) (emphasis added). Thus, the drafters of the Model Penal Code left no doubt that the issue of venue was to be submitted to the jury and proved beyond a reasonable doubt in the same way that substantive elements of a particular offense must be submitted and proven.

 However, in *State v. Puaoi*, 78 Hawai'i 185, 891 P.2d 272 (1995), the Hawai'i Supreme Court held that venue may be judicially noticed on appeal pursuant to Hawai'i Rules of Evidence (HRE) Rule 201 (1985). HRE Rule 201 states in pertinent part:

Rule 201 Judicial notice of adjudicative facts.

. . . .

(b) Kinds of facts. A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court, or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

(c) When discretionary. A court may take judicial notice, whether requested or not.

. . . .

(f) Time of taking notice. Judicial notice may be taken at any stage of the proceeding.

In *Puaoi*, the evidence submitted to the trial court was that the incident took place " 'in front of the old folks home on Kam Five Highway.' " *Id.* at 190, 891 P.2d at 277 (emphasis omitted). On appeal, the supreme court took judicial notice that "Kam Five Highway" was a common shorthand form of "Kamehameha Five Highway," and that the highway was located on the island of Moloka'i and was entirely within the Moloka'i district of the island. *Id.* at 190–91, 891 P.2d at 277–78. The supreme court further took notice that the Moloka'i district was included in the second judicial circuit and therefore the trial was held within the proper judicial circuit. *Id.* at 190–91, 891 P.2d at 277–78. Decisions relied on by the supreme court in *Puaoi* involved appellate judicial notice of venue in appeals involving jury trials. *See State v. Stiles*, 706 S.W.2d 944 (Mo.App.1986); *Porter v. State*, 520 So.2d 235 (Ala.Crim.App.1987). Therefore, we apply *Puaoi* in this case.

Here, the complaining witness testified that on January 1, 1992 during the early morning hours, he and the Defendant, who was his cousin by marriage, left a New Year's party in Wai'anae in the complaining witness' car. When the two had passed two to three house lots, Defendant pulled out a gun and told the complaining witness "let's go to Hyram Silva's house[.]" During this time, Defendant threatened to shoot himself and the complaining witness. Defendant fired two rounds which caused the complaining witness to stop the car in the farm lands of Wai'anae. Defendant got into the driver's seat and the complaining witness sat in the passenger's seat. Defendant drove to one Hyram Silva's house but no one was home. Defendant fired a shot at the complaining witness in front of the house. They then left and "got back on the highway... the main street [be]cause there's only one street, and [they] headed back toward the city ... back to Wai'anae the main street[.]" They returned to the house at which the party was being held.

Hyram [7] Silva's neighbor testified that on January 1 at about four or five in the morning she heard a car "drive into Hyram Silva's house." She saw a man walk to the house holding a gun and knock and call for Hyram Silva. That man returned to the car, reentered it, and began to argue with another man who was seated in the car. The men got out of the car. The man on the driver's side pointed the gun at the other man. The neighbor called the police. Then the man with the gun put it against the other man's head. She heard a shot. The neighbor testified that she lived in Lualualei Valley in Wai'anae on the island of O'ahu.

Facts which are "capable of accurate and ready determination by resources whose accuracy cannot reasonably be questioned" or generally known may be judicially noticed. HRE Rule 201(b). Hyram Silva's neighbor testified she lived in Wai'anae, O'ahu. Wai'anae is where the alleged offense took place, Defendant and the complaining witness traveling by automobile from a house in Wai'anae to another house in Wai'anae. Based on the *Atlas of Hawaii*, Department of Geography, University of Hawaii (1973), the area referred to as Wai'anae is located only on O'ahu. Pursuant to HRS § 603–1 (1985), the entire island of O'ahu is included in the first circuit. Therefore, we take judicial notice that the trial, being held in the first circuit, was held in the proper circuit.

### III.

■■■ We reiterate that it is the duty of the trial judge to give appropriate instructions even if not requested by counsel. The HPC requires that no person may be convicted without venue being proven beyond a reasonable doubt. Venue is, ordinarily, for the fact-finder to determine. In the interest of efficient judicial administration, and to preclude similar future appeals on this issue,

we believe that, henceforth, as a matter of course, trial courts should instruct the jury that the State must prove venue beyond a reasonable doubt. For that matter, the trial court can do nothing but enhance the administration of justice by instructing the jury on the checklist of items set forth in HRS § 701–114(1) to ensure the validity of every conviction. HRS § 701–114 requires that the "elements of the offense, the requisite state of mind, and facts establishing jurisdiction, venue, and timeliness" must be proven beyond a reasonable doubt. Commentary to HRS § 701–114 (1985).

### IV.

■■■ Finally, we consider Defendant's contention that the trial court erred in admitting State's Exhibit 4 (Exhibit 4) in evidence. This exhibit was offered to prove Defendant's prior felony conviction. Exhibit 4 is a redacted copy of a judgment in Criminal No. 57406 indicating that "Darren James Holbron" had been "convicted of ... a felony under the Hawaii [Hawai'i] Revised Statutes." In the right hand margin of the document is the parenthetical reference, "(W–36752)."

On appeal, the State argues that no error was committed because (1) Defendant did not object to the admission of Exhibit 4 and (2) the trial court could have reasonably inferred that Defendant, whose fingerprints were submitted under Honolulu Police Department Report No. W36752 (Report No. W36752), was the person convicted in Criminal No. 57406.

The State initially offered State's Exhibit 3 [8] (Exhibit 3), the unredacted judgment of conviction from Criminal No. 57406, into evidence. Defendant made several objections to Exhibit 3 [9] but stated that if the State was able to establish that Defendant was the person referred to in the judgment, counsel

---

7. In the transcript, during the testimony of the neighbor, Hyram is spelled "Hiram."

8. State's Exhibit 3 (Exhibit 3) was withdrawn at trial and is not in the record on appeal. But an unredacted copy of the judgment in Criminal No. 57406 was received into evidence at Defendant's sentencing hearing and is part of the record on appeal.

9. Defendant's objections were: failure to properly authenticate Exhibit 3 (the document was subsequently authenticated by certification), relevancy, violation of the court's ruling on a motion in limine prohibiting an indication of the crime previously committed, and lack of notice that the Honolulu Police Department fingerprint classifier would testify.

would stipulate that Defendant had a prior felony conviction. The State called a Honolulu Police Department fingerprint classifier as an expert witness. The classifier testified that she compared Defendant's fingerprints with the fingerprint card of a Darren James Holbron filed under Report No. W36752. She concluded that Defendant's fingerprints matched those of the subject named in the report, Darren James Holbron.

After her testimony, Defendant objected to the admission of Exhibit 3 into evidence for "lack of foundation." A stipulation as to Defendant's prior conviction was never entered into between counsel because defense counsel was concerned that stipulating would constitute a waiver of his objections. During a lengthy bench conference, counsel and the court discussed methods of admitting the exhibit without revealing the felony involved and of preserving Defendant's objection to the exhibit as lacking foundation. At the conclusion of the discussion, the parties agreed that a redacted version of the judgment would be submitted into evidence.

After the bench conference and further examination of the classifier, the prosecutor withdrew Exhibit 3 and offered Exhibit 4 into evidence. Defense counsel did not object.

[THE PROSECUTOR]: ... At this time the State would withdraw State's Exhibit 3 for identification and would and [sic] to put in evidence State's Exhibit 4 for identification being a redacted copy of the judgment in Criminal Number 57406.

THE COURT: [Defense counsel]?

[DEFENSE COUNSEL]: No objection.

Thus, although Defendant sought to preserve his objection to Exhibit 3, he did not raise an objection to Exhibit 4. "Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and ... a timely objection or motion to strike appears of record...." HRE Rule 103(a)(1) (1985). There being no objection in this case, we examine this matter for plain error. HRPP Rule 52(b); HRE Rule 103(d) (1985).

Exhibit 4 had been properly authenticated by certification through Exhibit 3 and Exhib-. it 4 was relevant to prove the conviction of a "Darren James Holbron[.]" HRE Rule 401 (1985). The pertinent issue, however, is whether, without more evidence or further court instruction, the jury might be allowed to infer that the reference to "W–36752" in the right margin of Exhibit 4 meant the person fingerprinted for Report No. W36752 was also the person referred to in the judgment.

On appeal, the State "agrees, as it must, that there was no direct testimony that established that the defendant in [Criminal] No. 57406 was the person whose fingerprints were submitted under police report no. W36752[.]" However, it maintains that "the lower court could have reasonably inferred from all of the facts before it and based upon its own prior experience, that the person whose fingerprints appeared in police report [sic] was the person who was convicted in [Criminal] No. 57406."

This argument misses the mark for two reasons. First, although the court might, based on prior experience, be familiar with a practice of placing the relevant police report number on the corresponding judgment, such a practice was not established at trial. Second, the element of conviction under Counts III and IV was a question of fact for the trier of fact, in this case, the jury, not the trial court. The jury presumably did not have any prior lay experience with the processing of judgment documents in criminal cases.

Without evidence showing that it was the general practice to place the relevant police report number on the corresponding criminal judgment or that that was actually intended in this case, we believe that the foundation was insufficient to allow the inference that Defendant was the person named in the judgment.

Both the prosecuting attorney and the defense counsel had anticipated that a parole officer would testify at trial and identify Defendant as the person referred to in the judgment. However, the prosecuting attorney learned near the time of trial that Defendant was never paroled for the offense referred to in the judgment. In the absence of a parole officer, the State should have ob-

tained other testimony or evidence tying Defendant to the judgment.

Consequently, we hold that the admission of Exhibit 4 into evidence was further reversible error.

## V.

Therefore, based on the foregoing reasons, the Second Amended Judgment filed on December 17, 1992 is affirmed as to Counts I and II and vacated and remanded for a new trial as to Counts III and IV of the indictment.