STATE OF HAWAII, Plaintiff-Appellee, *v.* HARRY K. HOOPII, Defendant-Appellant

NO. 10246

(CRIMINAL NO. 59774)

STATE OF HAWAII, Plaintiff-Appellee, *v.* HARRY K. HOOPII, Defendant-Appellant

NO. 10313

(CRIMINAL NO. 59789)

NOVEMBER 25, 1985

LUM, C.J., NAKAMURA, PADGETT, HAYASHI, WAKATSUKI, JJ.

OPINION OF THE COURT BY LUM, C.J.

This consolidated appeal stems from Appellant Harry K. Hoopii's convictions for attempted murder, kidnapping, first degree rape and first degree sodomy. Appellant contends that the administrative judge below abused his discretion in denying his requests for expert witness funds. He further asserts that the trial court erroneously refused to dismiss the kidnapping charge. We affirm.

I.

This appeal involves two unrelated incidents. In light of the common issues raised by Appellant, we agreed to consolidate the two cases.

In S.C. No. 10313, Appellant was convicted of the attempted murder of John Martin. His conviction arose out of an incident that took place in Jonathan Springs Botanical Garden on September 17, 1983. As Martin was cutting taro leaves, Appellant approached him from behind, stabbed him in the lower back and fled.

In. S.C. No. 10246, Appellant was convicted of kidnapping, raping and sodomizing a six-year-old schoolgirl on December 13, 1983. According to the evidence adduced at trial, Appellant abducted the girl as she walked home from school. He first drove her to a beach area off of Lagoon Drive, then to another unknown location, and then back to the original beach area. At some point, he tied the girl's wrists and ankles with rope and covered her mouth and eyes with tape. He later untied her, removed her clothing and raped and sodomized her.

In May 1984, Appellant filed a pretrial Notice of Intent to Rely on the Defense of Mental Disease, Disorder or Defect Excluding Responsibility and a Motion for Mental Examination of Defendant in each case.

Both motions were granted in separate hearings and a panel of two psychiatrists and one psychologist was appointed to examine Appellant. All three examiners concluded that while Appellant had some type of

mental disorder,[1] his capacity to appreciate the wrongfulness of his conduct or to control himself from committing the alleged offenses, was not substantially impaired at the time of these offenses. They further concluded that Appellant suffered from little or no impairment of his capacity to understand the proceedings against him and to assist in his own defense.

Appellant subsequently filed a Motion for Expert Witness Funds under HRS § 802-7 (Supp. 1984) in each case. The administrative judge, however, denied both motions. He also summarily denied Appellant's motions for reconsideration.

In August 1984, Appellant was tried for kidnapping, HRS § 707-720(1)(d) (1976), first degree rape, HRS § 707-730(1)(a)(i) (Supp. 1984), and first degree sodomy, HRS § 707-733(1)(a)(i) (Supp. 1984). Prior to the verdict, however, Appellant moved to dismiss the kidnapping count pursuant to HRS §§ 701-109(1)(d) and (e) (1976). The trial court denied these motions holding that kidnapping is a separate offense under Hawaii law. Appellant was convicted as charged.

In September 1984, Appellant was tried and convicted of attempted murder, in violation of HRS §§ 705-500 and 707-701 (1976).

II.

Appellant contends that the administrative judge improperly denied his request for expert witness funds. He claims that he made a sufficient showing that his mental responsibility would be a significant factor at trial. He further asserts that this denial effectively deprived him of his constitutional right to effective assistance of counsel, U.S. Const. amend. VI, and to due process of law, U.S. Const. amend. XIV, § 1.

Under HRS § 802-7, the court may provide a criminal defendant with funds for expert assistance "upon a finding that such funds are necessary for an adequate defense . . . ." In his Order Denying Motion for Expert Witness Funds, the administrative judge denied Appellant's motions because he "failed to present sufficient evidence to form a proper basis upon which an expert witness is necessary for an aequate defense." This decision cannot be overturned absent an abuse of discre-

---

[1] Dr. Douglas Cooper concluded that Appellant had a Sociopathic Personality. Robert Fishman, Ph.D., and Dr. Arnold B. Golden found that Appellant suffered from Atypical Impulse Control Disorder.

tion. *See Arnold v. Higa,* 61 Haw. 203, 206, 600 P.2d 1383, 1385 (1979). Furthermore, such an abuse occurs only where the court "clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant." *Clarkin v. Reimann,* 2 Haw. App. 618, 624, 638 P.2d 857, 861 (1981). The administrative judge here did not clearly exceed the bounds of reason.

Appellant presented no evidence to support his contentions that he needed expert witness funds for his defense. His motions merely averred that he needed a mental health expert to assist his counsel in preparing for trial and to testify at trial. No affidavit or other justification was submitted in support of this averment. Furthermore, at the *ex parte* hearing, Appellant only repeated his assertion that his counsel could not prepare his defense without the aid of his own expert. Again, he submitted no supporting evidence.

Based upon this record, the administrative judge did not abuse his discretion in concluding that Appellant failed to show that a fourth mental health expert was necessary for his defense.

Appellant contends that the United States Supreme Court's decision in *Ake v. Oklahoma,* 470 U.S. ___, 105 S. Ct. 1087 (1985), requires the State to provide him, as an indigent criminal defendant, with expert witness funds. We reject this contention.

In *Ake,* an indigent defendant was charged with first degree murder and shooting with the intent to kill. Prior to trial, defense counsel informed the court that the defendant intended to rely on an insanity defense. He asked the court to arrange for a psychiatrist to examine the defendant with respect to his mental condition at the time of the offense, or to provide him with funds to enable the defense to arrange for such an examination. The court denied this request. Consequently, the defendant had no access to a psychiatrist.

*Ake* is completely inapplicable in this case. *Ake* requires a state to provide an indigent criminal defendant with access to a psychiatrist. This is precisely what Appellant requested and received here. In fact, Appellant was afforded access to three mental health experts. He, therefore, has no cause for complaint.

*Ake* requires only that the defendant be assured access to one competent psychiatrist for examination and trial preparation purposes. *See id.* at 1094-95. Furthermore, the fact that all three concluded contrary to his position does not broaden this right and entitle him to a fourth expert as a matter of constitutional law.

This is not to say, of course, that the indigent defendant has a constitutional right to choose a psychiatrist of his personal liking or to receive funds to hire his own. Our concern is that the indigent defendant have access to a competent psychiatrist for the purpose we have discussed, and as in the case of the provision of counsel we leave to the State the decision on how to implement this right.

*Id.* at 1097. Appellant, therefore, was not denied his constitutional rights.

### III.

Finally, Appellant argues that the trial court, in S.C. No. 10246, improperly denied his motions to dismiss the kidnapping count under HRS §§ 701-109(1)(d) and (e). He contends that the court erroneously concluded that kidnapping is a separate offense. We disagree.

Appellant was convicted of kidnapping, first degree rape, and first degree sodomy. He claims that his kidnapping conviction is prohibited by HRS § 701-109(1)(d) which states:

When the same conduct of a defendant may establish an element of more than one offense, the defendant may be prosecuted for each offense of which such conduct is an element. He may not, however, be convicted of more than one offense if:

. . . . .

The offenses differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct; . . . .

Appellant essentially claims that the kidnapping statute,[2] and the rape[3]

------

:HRS § 707-720 (1976) provides:

(1) A person commits the offense of kidnapping if he intentionally restrains another person with intent to

. . . .

(d) Inflict bodily injury upon him or subject him to a sexual offense; . . .

³HRS § 707-730 (Supp. 1984) provides:

(1) A person commits the offense of rape in the first degree if:

(a) The person intentionally engages in sexual intercourse, by forcible compulsion, with another person and:

(i) The other person is not, upon the occasion, his voluntary social companion who had within the previous thirty days permitted him sexual intercourse of the kind involved; . . . .

and sodomy[4] statutes prohibit the same conduct. They differ only in that kidnapping is a general prohibition whereas rape and sodomy are specific instances of kidnapping. We find no merit to this argument.

These statutes do not seek to redress the same conduct. The main thrust of the kidnapping statute is to prohibit the intentional restraint of another's freedom of movement. The additional requirement of intent merely serves to distinguish kidnapping from unlawful imprisonment. *See* Commentary on §§ 707-720 to 707-722. Meanwhile, the rape and sodomy statutes are primarily concerned with preventing another from being forced to engage in sexual acts. Rape and sodomy, therefore, are not derivatives of kidnapping. Accordingly, the trial court properly denied Appellant's motion brought under HRS § 701-109(1)(d).

The court below also correctly denied Appellant's alternative motion based on HRS § 701-109(1)(e).

HRS § 701-109(1)(e) prohibits multiple convictions where the defendant's actions constitute an uninterrupted, continuing course of conduct. This prohibition, however, does not apply where these actions constitute separate offenses under the law.[5] Furthermore,

> where a defendant in the context of one criminal scheme or transaction commits several acts independently violative of one or more statutes, he may be punished for all of them if charges are properly consolidated by the State in one trial.

---

[4]HRS § 707-733 (Supp. 1984) provides:

(1) A person commits the offense of sodomy in the first degree if:

(a) The person intentionally, by forcible compulsion, engages in deviate sexual intercourse with another person or causes another person to engage in deviate sexual intercourse, and;

(i) The other person was not upon the occasion, his voluntary social companion who had within the previous thirty days permitted him sexual contact of the kind involved; . . . .

[5]HRS § 701-109(1)(e) (1976) provides that:

(1) When the same conduct of a defendant may establish an element of more than one offense, the defendant may be prosecuted for each offense of which such conduct is an element. He may not, however, be convicted of more than one offense if:

. . . . .

(e) The offense is defined as a continuing course of conduct and the defendant's course of conduct was uninterrupted, *unless the law provides that specific periods of conduct constitute separate offenses.* (Emphasis added).

*State v. Pilago,* 65 Haw. 22, 24, 649 P.2d 363, 365 (1982); *State v. Pia,* 55 Haw. 14, 19, 514 P.2d 580, 585 (1973).

In this case, Appellant committed and completed the act of kidnapping at the moment he restrained the victim by abducting her, putting her in his van and driving away. Any restraint which continued throughout the subsequent rape and sodomy was not necessary to the perpetration of the kidnapping. *See State v. DeCenso,* 5 Haw. App. 127, 135, 681 P.2d 573, 580 (1984). Appellant would still be subject to prosecution for kidnapping had he not continued to restrain the victim throughout the rape and sodomy. Moreover, these later acts themselves constituted separate and independent offenses.

We find no merit to Appellant's other contentions.

IV.

For the foregoing reasons, we affirm.

*Ray A. Findlay* for Defendant-Appellant.

*Alexa Fujise (Arthur E. Ross* on the brief), Deputy Prosecuting Attorneys, for Plaintiff-Appellee.