STATE OF HAWAI`I, Plaintiff-Appellant,
v.
CHRISTY A. OGAN, Defendant-Appellee.
No. 28771
Intermediate Court of Appeals of Hawaii.
July 10, 2009.
On the briefs:
Matthew S. Kohm, for Defendant-Appellant
Kristin L. Coccaro, First Deputy Prosecuting Attorney, for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER
WATANABE, Acting Chief Judge, FUJISE and LEONARD, JJ.
Defendant-Appellant Christy A. Ogan (Ogan) appeals from the Judgment entered on August 29, 2007, by the Circuit Court of the Second Circuit (Circuit Court), convicting and sentencing her for the following three counts: (1) Burglary in the First Degree, in violation of Hawaii Revised Statutes (HRS) § 708-810(1) (c) (1993); (2) Burglary in the Second Degree, in violation of HRS § 7 08-811 (1993); and (3) Theft in the Second Degree, in violation of HRS § 708-831 (1) (b) (Supp. 2005).[1]
Ogan raises three points of error:
(1) the Circuit Court erred when it denied Ogan's motion to suppress statements she made to the police, and when it denied Ogan's renewed objection at trial to the police tape of Ogan's statements;
(2) the Circuit Court plainly erred by trying and convicting Ogan of two counts of burglary for "the same course, of conduct"; and
(3) the Circuit Court erred in ordering Ogan to pay restitution in the full amount of property losses to the victim, Trisha Huneycutt (Huneycutt), because her co-defendant, Omar K. New (New), was also ordered to pay restitution to Huneycutt in that amount.
Upon a thorough review of the record and the briefs submitted by the parties, and having duly considered the issues and arguments raised on appeal, as well as the statutory and case law relevant thereto, we resolve Ogan's contentions as follows:
(1) Ogan challenges the Circuit Court's order denying her motion to suppress the statements she made during a custodial interrogation, but does not argue that the court's related findings of fact (FOFs) were clearly erroneous. The undisputed FOFs include that, on March 4, 2006 when Officer Stephen Gunderson (Officer Gunderson) informed Ogan of her constitutional rights, Ogan indicated that she understood her constitutional rights, including her right to remain silent and her right to counsel. Ogan neither requested a lawyer nor informed Officer Gunderson that she was refusing to make a statement. Ogan stated, however, that she did not understand what waiver meant. Officer Gunderson refrained from questioning her.
On March 5, 200 6, while Ogan was still in custody, Detective Clarence Kenui (Detective Kenui) again advised Ogan of her Miranda rights' and Ogan waived those rights. Ogan's acknowledgement of her understanding and waiver of rights was recorded on an audiotape as well as on a written form signed by Ogan. Ogan did not express any misunderstanding or confusion as to her waiver of rights. Although Ogan had been seen by a medic earlier on March 4 and 5, 2006, when she complained of being in pain, Ogan appeared to Detective Kenui to be free of pain, did not complain of being in pain, and did not ask for medical attention prior to, during, or after he questioned her. The Circuit Court found that Ogan was not a credible witness. The record on appeal does not support Ogan's claim that Detective Kenui told Ogan that she would receive medical assistance if she signed the waiver form.
Based upon our de novo review of the Circuit Court's ruling, we conclude that the Circuit Court did not err in determining that Ogan voluntarily, knowingly, and intelligently waived her right to remain silent and her right to an attorney, after being properly advised of such rights, prior to making statements to the police on March 5, 2006. See, e.g., State v. Joseph, 109 Hawai`i 482, 497-98, 128 P.3d 795, 810-11 (2006).
(2) Ogan argues that the Circuit Court plainly erred when it convicted Ogan of two separate counts of burglary because both counts were based on a continuing course of conduct and, although the crime involved two separate buildings, a house and a detached garage, both structures were on the same real property, located at 130 Punakea Loop in Lahaina, Maui, Hawai`i (Property).
The two counts in question are as follows:
COUNT ONE: 06-17987
That during or about the period of February 22, 2006, through February 26, 2006, inclusive, in the County of Maui, State of Hawaii, CHRISTY A. OGAN and OMAR K. NEW, as principals and/or accomplices, did intentionally enter or remain unlawfully in a building, to wit, the residence of Terry Cool and/or Ronald Valenta situated at 130 Punakea Loop, Lahaina, Maui, Hawaii, with intent to commit therein a crime against a person or against property rights and did recklessly disregard the risk that the building was the dwelling of another, and the building was such a dwelling, thereby committing the offense of Burglary in the First Degree in violation of Section 708-810(1)(c) of the Hawaii Revised Statutes.
COUNT TWO:
That during or about the period of February 22, 2006, through February 26, 2006, inclusive, in the County of Maui, State of Hawaii, CHRISTY A. OGAN and OMAR K. NEW, as principals and/or accomplices, did intentionally enter or remain unlawfully in a building, to wit, a detached enclosed garage, situated at 13 0 Punakea Loop, Lahaina, Maui, Hawaii, with intent to commit therein a crime against a person or against property rights, thereby committing the offense of Burglary in the Second Degree in violation of Section 708-811 of the Hawaii Revised Statutes.
Under Count I, Ogan was charged with the First Degree Burglary of a residence on the Property, pursuant to HRS § 708-810(1) (c). Under Count II, Ogan was charged with Second Degree Burglary of a garage on the Property, pursuant to HRS § 708-811. These statutes provide, in relevant part, as follows:
§ 708-810 Burglary in the first degree. (1) A person commits the offense of burglary in the first degree if the person intentionally enters or remains unlawfully in a building, with intent to commit therein a crime against a person or against property rights, and:
. . . .
(c) The person recklessly disregards, a risk that the building is the dwelling of another, and the building is such a dwelling.
§ 708-811 Burglary in the second degree. (1) A person commits the offense of burglary in the second degree if the person intentionally enters or remains unlawfully in a building with intent to commit therein a crime against a person or against property rights.
Ogan's testimony included, inter alia, that on February 25, 2006, she and New went to the Property with a Uhaul truck and loaded about 10 boxes into the truck. Although she denied going into the house that day, she testified that New entered the house, and she and New entered the garage. Although she testified that she never saw New bring anything out of the house, a kayak and a table ended up in the truck somehow. Ogan also testified that, on February 26, 2006, she and New went back to the Property and loaded boxes from the garage into the truck.
We reject Ogan's argument that the Circuit Court plainly erred by failing to, sua sponte, instruct the jury, pursuant to HRS § 701-109(1)(e), that the jury was required to find that Ogan acted with "separate and distinct intent" with respect to Counts I and II. The principle of law underlying this argument is valid, but is applicable only when the counts charged involve the same conduct. HRS § 701-109 (1) (e) (1993) provides:
§ 701-109 Method of prosecution when conduct establishes an element of more than one offense. (1) When the same conduct of a defendant may establish an element of more than one offense, the defendant may be prosecuted for each offense of which such conduct is an element. The defendant may not, however, be convicted of more than one offense if:
. . . .
(e) The offense is defined as a continuing course of conduct and the defendant's course of conduct was uninterrupted, unless the law provides that specific periods of conduct constitute separate offenses.
The purpose of HRS § 701-109(1)(e) is "to limit the possibility of multiple convictions and extended sentences when the defendant has basically engaged in only one course of criminal conduct directed at one criminal goal." State v. Padilla, 114 Hawai`i 507, 517, 164 P.3d 765, 775 (App. 2007) (citations and internal quotation marks omitted). Here, Ogan was charged with engaging in two separate acts, i.e., entering or remaining unlawfully in a building that was a dwelling  the house at the Property  and entering or remaining unlawfully in a building that was not a dwelling  the separate, detached garage at the Property.[2] HRS § 707-109(1)(e) does not prohibit multiple convictions when, in the context of one criminal scheme or transaction, a defendant commits more than one act independently violative of one or more statutes. See, e.g., State v. Hoopii 68 Haw. 246, 251, 710 P.2d 1193, 1197 (1985).
(3) Ogan argued that she should not be ordered to pay the full amount of Huneycutt's property losses because co-defendant New might be ordered to pay restitution, which would then result in Ogan overpaying Huneycutt in restitution. Ogan's argument is flawed because the Free Standing Order of Restitution imposed restitution "jointly and severally" upon Ogan. The definition of "joint and several liability" is that "the person who has been harmed can sue and recover from both wrongdoers or from either one of the wrongdoers (if he or she goes after both of them, he or she does not, however, receive double compensation)." Doe Parents No. 1 v. State, Dep't of Educ., 100 Hawai`i 34, 95, 58 P.3d 545, 606 (2002) (emphasis in original) (brackets and internal quotation marks omitted) (Acoba, J., concurring) (quoting BLACK'S LAW DICTIONARY 914 (6th ed. 1990)). Therefore, the Circuit Court's order that Ogan pay restitution to Huneycutt does not ignore the possibility that Huneycutt might receive payment of restitution from co-defendant New.[3]
For these reasons, we affirm the Circuit Court's August 29, 2007 Judgment.
NOTES
[1] The Honorable Joseph E. Cardoza presided.
[2] Indeed, although Ogan denied entering the house on February 25, 2006, when viewed in the light most favorable to the prosecution, Ogan's testimony established that the house was burglarized on one day and then the garage was burglarized when Ogan and New returned the next day.
[3] Ogan notes that the Circuit Court orally ordered her to pay $16,600.13, which appears to be in error. However, the operative written order, the Free Standing Order of Restitution, states the correct amount, which is $16,006.13.