LAW LIBRARY

**NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER**

NO. 29876

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I



STATE OF HAWAI'I, Plaintiff-Appellee,
v.
JAMES CARVALHO APO, also known as,
"ESTRADA", Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CRIMINAL NO. 07-1-0408(3))

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Foley and Reifurth, JJ.)

Defendant-Appellant James Carvalho Apo (Apo) appeals from the Judgment of Conviction and Sentence entered on May 7, 2009 in the Circuit Court of the Second Circuit (circuit court).[1] Apo was convicted of Kidnapping, in violation of section 707-720(1)(d), Hawaii Revised Statutes (1993) (Section 707-720(1)(d)), and Sexual Assault in the Third Degree in violation of section 707-732(1)(f), Hawaii Revised Statutes (Supp. 2008), as a young adult defendant under section 706-667, Hawaii Revised Statutes (Supp. 2009).

Apo was sentenced to eight years in prison for the Kidnapping conviction and four years in prison for the Sex Assault in the Third Degree conviction, with the terms to run concurrently, and with credit for time served. In addition, Apo was ordered to pay restitution of $883.78, and $910.00 for fees and costs.

On appeal, Apo argues that:

(1) there was insufficient evidence to support a conviction for a class A felony under Section 707-720(1)(d) because the evidence established that Apo voluntarily released the complaining witness (CW), requiring a reduction of the offense to a class B felony under section 707-720(3), Hawaii Revised Statutes (1993); and

---

[1] The Honorable Joseph E. Cardoza presided.

(2) it was erroneous for the circuit court to conclude that Kidnapping and Sexual Assault in the Third Degree did not merge under section 701-109(1)(e), Hawaii Revised Statutes (1993) (Section 701-109(1)(e)).

We find both points to be without merit and affirm.

## I.   There Was Substantial Evidence For The Circuit Court To Find Apo Guilty Of A Class A Felony For Kidnapping

Apo contends that the circuit court should not have found him guilty of a class A felony under Section 707-720(1)(d) because substantial evidence demonstrated that he released the CW voluntarily before a witness to the attack (Witness) commanded him to get off of the CW.  Kidnapping under Section 707-720(1)(d) is reduced from a class A felony to a class B felony if the defendant voluntarily released the victim, alive and not suffering from serious or substantial bodily injury, in a safe place prior to trial.[2/]  HAW. REV. STAT. § 707-720(3).

Apo argues that because he voluntarily released the CW before the Witness confronted them, Findings of Fact (FOF) 19-21 and Conclusions of Law (COL) 7-9 are clearly erroneous.  We review FOF under the clearly erroneous standard of review, while COL are reviewed *de novo*.  *Dan v. State*, 76 Hawai'i 423, 428, 879 P.2d 528, 533 (1994).

Apo contends that the record shows that CW testified that her struggle with Apo had ended when she removed her earphones before Witness confronted them, that Witness's testimony "merely implied that Apo released CW because Witness told him to 'get off of the girl,'" and that Witness's testimony "reveal[s] disparities between [his] assumptions, and what he actually saw[.]"

Our review of the record, however, reveals substantial evidence to support the circuit court's finding that the State had proven beyond a reasonable doubt that Apo did not voluntarily release the CW to a point of safety before being ordered to do

---

[2/]     For someone convicted as a Young Adult Defendant, the maximum sentence is 8 years for a Class A felony, and 5 years for a Class B felony. HAW. REV. STAT. § 706-667(3).

so. A release is not voluntary when the kidnapper releases the victim after being ordered to do so under threat by a third party. *State v. Yamamoto*, 98 Hawai'i 208, 220, 46 P.3d 1092, 1104 (App. 2002). Moreover, a victim has not been released to a safe place when the kidnapper is still close enough to the victim that he or she still poses a threat. *State v. Mara*, 102 Hawai'i 346, 355, 76 P.3d 589, 598 (App. 2003).

Apo gave conflicting accounts of the incident. In his initial post-arrest interview, he admitted to intentionally tackling and restraining the CW, but claimed that his intention had only been to hold her and touch her.[3] When Apo testified at trial, however, he claimed that CW had fallen backward in surprise, that he had only meant to "check [CW] out," and that he had only dragged CW off of the road to get her out of harm's way.

Witness testified that he pulled his truck up to within seven to ten feet of Apo and CW, and saw Apo "straddling on top of [CW]" as he got out of the truck. Witness also testified that he told Apo to "[g]et off the girl[,]" and that Apo "got up slightly" as Witness approached, but "still had a knee on top of [CW]." When Witness got closer, Apo "stood up more in a standup position."

CW's testimony acknowledges that Witness was present in the area when she stood up. While she did not testify to hearing Witness yell at Apo before Apo released her, her testimony is largely consistent with Witness's testimony, and supports the circuit court's evident conclusion that her headphones were on at the time that Witness directed Apo to "[g]et off the girl."

Based on our review of the testimony and the record, we conclude that there was substantial evidence to support FOF 19-21 and COL 9-11.

## II. The Circuit Court Did Not Err In Concluding That Sexual Assault And Kidnapping Do Not Merge

Apo contends that it was error for the circuit court to conclude that the charged offenses of Kidnapping and Sexual

---

[3]  Apo's audio recorded post arrest interview was played for the judge at trial.

Assault did not merge under Section 701-109(1)(e). A defendant may not be convicted of more than one offense if "[t]he offense is defined as a continuing course of conduct and the defendant's course of conduct was uninterrupted, unless the law provides that specific periods of conduct constitute separate offenses." HAW. REV. STAT. § 701-109(1)(e).

Apo asserts that the circuit court erroneously relied on *State v. Molitoni*, 6 Haw. App. 77, 711 P.2d 1303 (1985) in arriving at COL 18 because that case interprets the distinctly different merger defense set out in section 701-109(1)(a), Hawaii Revised Statutes (Section 701-109(1)(a)).[4] Citing *State v. Padilla*, Apo argues that the circuit court also erred by failing to adopt specific findings or conclusions demonstrating that the court applied the merger doctrine, and in failing to analyze whether there was but "one intention, one general impulse, and one plan," or not. 114 Hawai'i 507, 517, 164 P.3d 765, 775 (App. 2007).

While apparently conceding that Kidnapping is not an included offense of Sexual Assault under Section 701-109(1)(a), Apo argues that his merger claim arises under Section 701-109(1)(e), which, he contends, is "distinctly different from the included-offense-analysis" in *Molitoni*, *State v. Horswill*, 75 Haw. 152, 857 P.2d 579 (1993), *State v. Hoopii*, 68 Haw. 246, 710 P.2d 1193 (1985), and *State v. Decenso*, 5 Haw. App. 127, 681 P.2d 573 (1984). According to Apo, *Molitoni*'s included offense analysis under Section 701-109(1)(a) is distinctly different from the continuing course of uninterrupted conduct analysis under Section 701-109(1)(e), and cannot support a conclusion of no merger. The court's analytical error, according to Apo, was compounded by its failure to make any specific findings or conclusions demonstrating that the court properly applied the merger doctrine. As a result, Apo contends that his conviction for both offenses violated his due process right to a fair trial and the double jeopardy clause. We disagree.

---

[4] In raising his merger defense to the circuit court, Apo explicitly referenced Section 701-109(1)(a), while never referencing Section 701-109(1)(e).

The section in question provides:

(1) When the same conduct of a defendant may establish an element of more than one offense, the defendant may be prosecuted for each offense of which such conduct is an element. The defendant may not, however, be convicted of more than one offense if:

. . . .

(e) The offense is defined as a continuing course of conduct and the defendant's course of conduct was uninterrupted, unless the law provides that specific periods of conduct constitute separate offenses.

HAW. REV. STAT. § 701-109(1)(e).

Section 701-109(1)(e) "does not apply where a [defendant's] actions constitute separate offenses under the law." *Hoopii*, 68 Haw. at 251, 710 P.2d at 1197. In *Hoopii*, the supreme court held that the appellant had committed and completed the act of Kidnapping at the moment he restrained the victim by abducting her, putting her in his van, and driving away. Any restraint that continued throughout the subsequent rape, the supreme court further held, was not necessary to the perpetration of the Kidnapping. *Id.*

Here, as in *Hoopii*, Sexual Assault and Kidnapping are separate crimes. Apo completed the crime of Kidnapping when he restrained CW and dragged her behind the rock wall. He completed the crime of Sexual Assault when he grabbed CW's genital area. Apo also had different intentions behind each crime. He grabbed CW's genital area in order to make sexual contact. He dragged her behind the rock wall because he did not want to be seen by passers by.

Apo's conviction does not violate the double jeopardy clauses of the United States or Hawai'i State Constitutions. U.S. Const. amend. V; Haw. Const. art. I, § 10 ("nor shall any person be subject for the same offense to be twice put in jeopardy"). "If two different offenses are charged and each involves different acts, they are not the 'same offense' and do not implicate the constitutional prohibition against double jeopardy." *Decenso*, 5 Haw. App. at 135, 681 P.2d at 580.

In *Decenso*, this court held that it was not double jeopardy for the defendant to be tried for Kidnapping and Sexual Abuse because each crime involved different acts. *Id.* Here, as

in *Decenso*, Kidnapping and Sexual Assault involve different acts. As such, Apo's conviction for both crimes did not violate double jeopardy.

## III. Conclusion

For the foregoing reasons, we affirm the May 7, 2009 Judgment of Conviction and Sentence finding Apo guilty of Kidnapping and Sexual Assault in the Third Degree.

DATED:  Honolulu, Hawai'i, July 30, 2010.

On the briefs:

Karen T. Nakasone,
Deputy Public Defender,
for Defendant-Appellant.

Renee Ishikawa Delizo,
Deputy Prosecuting Attorney,
County of Maui,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge