**Electronically Filed
Supreme Court
SCWC-18-0000781
05-APR-2021
07:59 AM
Dkt. 18 MO**

SCWC-18-0000781

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---

STATE OF HAWAI'I,
Respondent/Plaintiff-Appellee,

vs

STACY EDWARD HARDOBY, also known as STACY EDWARD CAUSEY,
Petitioner/Defendant-Appellant.

---

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-18-0000781; CASE NO. 2CPC-17-0000693(4))

MEMORANDUM OPINION
(By: Recktenwald, C.J., Nakayama, McKenna, Wilson, and Eddins, JJ.)

Petitioner/Defendant-Appellant Stacy Edward Hardoby

(Hardoby) was convicted by a jury of two counts: Count 1 — first

degree unauthorized entry into a motor vehicle; and Count 2 —

felony abuse of a family or household member.  Both convictions

arose from a dispute between Hardoby and his longtime girlfriend.

The incident giving rise to Hardoby's convictions

occurred when Hardoby's girlfriend was seated in her parked car

and Hardoby reached through the open window to strangle her with

his hands.  At the trial, Hardoby requested a merger instruction and a special interrogatory on the issue of merger of offenses, but the Circuit Court of the Second Circuit (circuit court) concluded that the offenses did not merge and denied his request.

Hardoby appealed his conviction to the Intermediate Court of Appeals (ICA) and argued that the circuit court erred by not providing the jury with a merger instruction because the offenses that he was charged with arose from the same factual circumstances and were part of a continuing course of conduct. The ICA reasoned that because Hardoby could have committed the offenses separately, the offenses did not merge.  The ICA entered a Summary Disposition Order (SDO) affirming the circuit court's judgment.

Hardoby timely filed a motion for reconsideration to the ICA based on this court's decision in State v. Lavoie, 145 Hawai'i 409, 432-33, 453 P.3d 229, 252-53 (2019), which was issued the same day as the ICA's SDO in Hardoby's case.  Hardoby argued that, in Lavoie, this court rejected an analysis that was similar to the ICA's analysis in his case and reaffirmed the rule that a defendant has a constitutional right to have the merger question determined by a jury.  However, the ICA denied Hardoby's motion and entered its judgment on appeal.

In his application for writ of certiorari, Hardoby

argues that the circuit court erred in refusing to give the jury a merger instruction and that the only remedy for this error is to vacate both of his convictions and remand for a new jury trial.

Pursuant to Hawai'i Revised Statutes (HRS) § 701-109(1)(e) (2014),[1] a defendant cannot be convicted of more than one offense if the offense is continuous and the defendant's course of conduct was uninterrupted. As we stated in Lavoie, 145 Hawai'i at 432, 453 P.3d at 252, "the jury is tasked with making the factual determination of whether two offenses merged." Thus, the circuit court erred by failing to instruct the jury to determine whether Hardoby had "one intention, one general impulse, and one plan to commit both offenses." See id. at 433, 453 P.3d at 253. Consequently, the ICA erred both by affirming the circuit court's judgment and by

---

[1] HRS § 701-109(1)(e) provides in relevant part,

> **Method of prosecution when conduct establishes an element of more than one offense.** (1) When the same conduct of a defendant may establish an element of more than one offense, the defendant may be prosecuted for each offense of which such conduct is an element. The defendant may not, however, be convicted of more than one offense if:
>
> . . . .
>
> (e) The offense is defined as a continuing course of conduct and the defendant's course of conduct was uninterrupted, unless the law provides that specific periods of conduct constitute separate offenses.

(Emphasis added.)

denying Hardoby's motion for reconsideration in light of <u>Lavoie</u>.

However, Hardoby is incorrect that the only available remedy for the error is to vacate both of his convictions and remand for a new trial. The erroneous omission of the merger instruction does not change the fact that the jury found that Respondent/Plaintiff-Appellee State of Hawai'i (the State) proved both counts. Pursuant to HRS § 701-109(1), the State could prosecute Hardoby for each count — the merger error merely precludes the entry of judgment of conviction on both counts. Therefore, the remedy for the circuit court's error is to remand to the circuit court and allow the State the option to dismiss one of the two counts and maintain the judgment of conviction and sentence on the other, or, to retry Hardoby on both counts with a merger instruction.

Accordingly, we vacate the ICA's December 18, 2019 Judgment on Appeal and remand to the circuit court for further proceedings consistent with this opinion.

## I. BACKGROUND

On September 7, 2017, the State charged Hardoby by information and complaint with one count of first degree unauthorized entry into a motor vehicle (UEMV), in violation of

4

HRS § 708-836.5 (2014)[2] and one count of felony abuse of a family or household member (felony abuse), in violation of HRS § 709-906(1) and/or (8) (2014).[3]  The charges[4] arose from an incident that occurred on September 5, 2017, when Hardoby allegedly reached into the driver's side window of his girlfriend's parked car and choked her with his hands.

---

[2]     HRS § 708-836.5 (2014) provides in relevant part:

> **Unauthorized entry into motor vehicle in the first degree.** (1) A person commits the offense of unauthorized entry into motor vehicle in the first degree if the person intentionally or knowingly enters or remains unlawfully in a motor vehicle, without being invited, licensed, or otherwise authorized to enter or remain within the vehicle, with the intent to commit a crime against a person or against property rights.
>
>     (2) Unauthorized entry into motor vehicle in the first degree is a class C felony.

[3]     HRS § 709-906 (2014) provides in relevant part:

> **Abuse of family or household members; penalty.** (1) It shall be unlawful for any person . . . to physically abuse a family or household member[.]
>     For the purposes of this section, "family or household member" means spouses . . . persons in a dating relationship . . . persons who have a child in common[.]
>
>     . . . .
>
>     (8) Where the physical abuse consists of intentionally or knowingly impeding the normal breathing or circulation of the blood of the family or household member by applying pressure on the throat or the neck, abuse of a family or household member is a class C felony.

[4]    Hardoby was also charged with assault in the third degree, but that count was dismissed with prejudice and never presented to the jury.

## A.    Circuit Court Proceedings

At Hardoby's trial,[5] the jury heard testimony from the complaining witness (the CW), who was Hardoby's former girlfriend of eight years and the mother of his child.  As relevant here, the CW testified that the incident occurred while she was sitting in the driver's seat of her parked car and having a heated discussion with Hardoby, who was standing outside of the car and near her open door.  The CW shut her car door and told Hardoby that she would talk to him later.  Hardoby reached into the car through the open driver's side window and started to choke the CW using his body and arms, putting her into a headlock.  Then, Hardoby started to choke the CW's neck with his left hand, which lasted between ten and fifteen seconds.  Finally, Hardoby punched the CW on the left side of her face and left the parking lot.

During the settlement of jury instructions, Hardoby requested a merger instruction and filed a proposed jury instruction and special interrogatory on the issue of merger of offenses.  The requested jury instruction provided that Hardoby could only be convicted of both offenses if the prosecution proved beyond a reasonable doubt that Hardoby (1) "did not commit the offense of Unauthorized Entry into a Motor Vehicle in

---

[5]    The Honorable Richard T. Bissen, Jr. presided.

6

the First Degree in Count 1 and Abuse of [a] Family [or] Household Member in Count 2 as part of a continuing and uninterrupted course of conduct[;]" and (2) "committed the offense of Unauthorized Entry into a Motor Vehicle in the First Degree in Count 1 and Abuse of a Family [or] Household Member in Count 2 with separate and distinct intents, rather than acting with one intention, one general impulse, and one plan to commit both offenses[.]"

The State opposed the instruction, arguing that the offenses did not merge because Hardoby could have committed the UEMV offense without actually committing felony abuse, so long as Hardoby intended to commit a crime. Hardoby disagreed, arguing that a merger instruction was appropriate because Hardoby's actions consisted of a continuous course of conduct with one intent. The circuit court agreed with the State that the offenses did not merge because each has "separate" and "[d]istinct elements" that "exist in one and not in the other." Consequently, the circuit court denied Hardoby's request for a merger instruction and a special interrogatory.

The jury found Hardoby guilty of both counts. The circuit court sentenced Hardoby to concurrent terms of four years' probation for the UEMV count and five years' probation for the felony abuse count. The circuit court also ordered that

Hardoby serve one year in jail as a condition of his probation.

**B.    ICA Proceedings**

Hardoby appealed to the ICA.  On appeal, Hardoby argued that the circuit court erred by refusing to instruct the jury on the law of merger and that, pursuant to HRS § 701-109(1)(e) (2014),[6] he could not be convicted of both UEMV and felony abuse if his actions in committing the offenses were "simultaneous and part of a continuing course of conduct." Hardoby further argued that whether his offenses were part of a continuing course of conduct was a question for the jury to decide.  Accordingly, Hardoby maintained that the circuit court's jury instructions were erroneous and that the proper remedy was for the case to be remanded for a new trial on both counts.

The ICA affirmed the circuit court's judgment of conviction and held that the circuit court did not err in refusing to give the requested jury instruction and interrogatory.  The ICA cited State v. Hoopii, 68 Haw. 246, 251, 710 P.2d 1193, 1197 (1985), where this court rejected a claim that the offense of kidnapping merged with the offenses of rape and sodomy and held that kidnapping was still a separate offense. The ICA noted that in Hardoby's case, the circuit court engaged

---

[6]     See supra note 1 for the relevant text of HRS § 701-109(1)(e).

in an analysis similar to the Hoopii court when it reasoned that the offenses of UEMV and felony abuse have separate elements "that exist in one and not in the other." The ICA similarly reasoned that Hardoby did not need to strangle the CW to be convicted of UEMV or to have entered the CW's vehicle to be convicted of felony abuse. Thus, the ICA concluded that the offenses did not merge and the circuit court did not err in refusing to give the requested jury instruction and interrogatory.

Hardoby timely filed a motion for reconsideration. In his motion, Hardoby argued that it was for the jury to determine whether the UEMV and felony abuse offenses merged. Hardoby cited this court's decision in Lavoie, 145 Hawai'i at 432-33, 453 P.3d at 252-53, issued the same day as the ICA's SDO in Hardoby's case, which reaffirmed the rule that a defendant has a constitutional right to have the merger question determined by a jury. Hardoby argued that, in Lavoie, this court rejected an analysis that was similar to the ICA's analysis in this case, noting that "[t]rial courts are not tasked with making factual findings regarding when each offense occurred or whether the defendant's conduct constitutes an uninterrupted continuous course of conduct; the jury makes such determinations. Id. at 433, 453 P.3d at 253).

9

The ICA denied Hardoby's motion because it concluded that "Hardoby has not presented any points of law or fact the court has overlooked or misapprehended."  See Hawaiʻi Rules of Appellate Procedure (HRAP) Rule 40(b) (2000) (providing that a motion for reconsideration "shall state with particularity the points of law or fact that the moving party contends the court has overlooked or misapprehended").  On December 18, 2019, the ICA entered its judgment on appeal.

## II.  STANDARDS OF REVIEW

### A.  Conclusions of Law

Conclusions of law are reviewed de novo under the right/wrong standard of review.  Maria v. Freitas, 73 Haw. 266, 270, 832 P.2d 259, 262 (1992).

### B.  Jury Instructions

The propriety of jury instructions is a question of law reviewed de novo using the following standard: whether, "when read and considered as a whole, the instructions given are prejudicially insufficient, erroneous, inconsistent, or misleading."  State v. Bovee, 139 Hawaiʻi 530, 537, 394 P.3d 760, 767 (2017) (quoting State v. Frisbee, 114 Hawaiʻi 76, 79, 156 P.3d 1182, 1185 (2007)).

10

### III.  DISCUSSION

Hardoby argues that because UEMV can "encompass a continuing course of conduct[,]" he cannot be convicted of both UEMV and felony abuse unless the trier of fact determines that the offenses were not part of a continuous course of conduct. For that reason, Hardoby maintains that the ICA erred by concluding that a merger instruction was not required.

We have previously addressed this precise issue:

> Generally, "[w]hen the same conduct of a defendant may establish an element of more than one offense, the defendant may be prosecuted for each offense of which such conduct is an element."  HRS § 701-109(1) (2014).  A "defendant may not, however, be convicted of more than one offense if ... [t]he offense is defined as a continuing course of conduct and the defendant's course of conduct was uninterrupted, unless the law provides that specific periods of conduct constitute separate offenses."  HRS § 701-109(1)(e).  Thus, this court has concluded that only one crime is committed when "(1) there is but one intention, one general impulse, and one plan, (2) the two offenses are part and parcel of a continuing and uninterrupted course of conduct, and (3) the law does not provide that specific periods of conduct constitute separate offenses."  State v. Hoey, 77 Hawai'i 17, 38, 881 P.2d 504, 525 (1994).

Lavoie, 145 Hawai'i at 431, 453 P.3d at 251 (emphasis added). The factual determination of whether a defendant acted with "one intention, one general impulse, and one plan" must be made by the trier of fact.  Id. at 433, 453 P.3d at 252 (quoting State v. Matias, 102 Hawai'i 300, 305, 75 P.3d 1191, 1196 (2003)); accord Hoey, 77 Hawai'i at 38, 881 P.2d at 525.  Thus, Hardoby may not be convicted of more than one offense if: (1) either of the offenses he was charged with are defined as a continuing course

11

of conduct; and (2) his course of conduct was continuing and uninterrupted; (3) so long as the statute does not provide that specific periods of conduct constitute separate offenses. See Lavoie, 145 Hawai'i at 431, 453 P.3d at 251.

A threshold issue is whether either of the offenses Hardoby was charged with "is defined as a continuing course of conduct[.]" See HRS § 701-109(1)(e).[7] "Whether a particular criminal offense can be charged as a continuous offense is a question of law." Lavoie, 145 Hawai'i at 431, 453 P.3d at 251. "The test for whether a crime can be charged as a continuous offense is whether the statute precludes charging an offense as a continuous offense, and whether the element(s) of the offense may constitute a continuous, unlawful act or series of acts[.]" Id.

Here, Hardoby was charged with UEMV and the language of the statute does not preclude UEMV from being charged as a continuous crime. A person commits the offense of UEMV if he "intentionally or knowingly enters or remains unlawfully in a motor vehicle, without being . . . authorized to enter or remain within the vehicle, with the intent to commit a crime against a person or against property rights." HRS § 708-836.5(1) (emphasis added). Thus, the language of HRS § 708-836.5(1)

---

[7] See supra note 1 for the relevant text of HRS § 701-109(1)(e).

criminalizes a range of conduct that spans from a brief, unauthorized entry into a vehicle to remaining in the vehicle over a longer period of time.  See State v. Faria, 100 Hawai'i 383, 389, 60 P.3d 333, 339 (2002) (holding that "for purposes of the UEMV statute, 'entry' is defined as the least intrusion into a motor vehicle with the whole physical body, with any part of the body, or with any instrument appurtenant to the body introduced for the purpose of committing a crime against a person or against property rights.") (footnote omitted); State v. Lagat, 97 Hawai'i 492, 502, 40 P.3d 894, 904 (2002) (observing that a person who breaks into a camper seeking shelter may be charged with UEMV).  Not only does the statute's plain language not preclude charging it as a continuing offense, the statute actually criminalizes the continuing conduct of "remain[ing] unlawfully in a motor vehicle."  HRS § 708-836.5(1) (emphasis added).

Thus, the offense of UEMV meets the test for a crime that can be charged as a continuous offense because (1) HRS § 708-836.5 does not preclude charging it as a continuous offense; and (2) the elements of the offense — remaining unlawfully in a motor vehicle — "may constitute a continuous,

13

unlawful act or series of acts[.]"[8]  See Lavoie, 145 Hawai'i at 431, 453 P.3d at 251.

Both the UEMV and felony abuse charges arose from the same altercation between Hardoby and the CW.  Whether Hardoby's conduct constituted "'separate and distinct culpable acts or an uninterrupted continuous course of conduct' was a question of fact that was required to be determined by the jury."  See id. at 433, 453 P.3d at 253 (quoting Matias, 102 Hawai'i at 306, 75 P.3d at 1197).  Accordingly, because the offense of UEMV can be charged as a continuous offense, it was for the jury — and not the circuit court — to determine whether Hardoby had "one intention, one general impulse, and one plan," and whether UEMV merged with the offense of felony abuse.  See id. at 431, 453 P.3d at 251 (quoting Matias, 102 Hawai'i at 305, 75 P.3d at 1196).  See also Hoey, 77 Hawai'i at 38, 881 P.2d at 525 (holding that "the question whether [the defendant]'s kidnapping offense

---

[8]      Moreover, the Legislature's purpose in enacting the UEMV statute also supports our determination that UEMV can be charged as a continuous offense. See State v. Decoite, 132 Hawai'i 436, 438, 323 P.3d 80, 82 (2014) ("The test to determine whether a crime may be charged on a continuous conduct theory is whether the language, structure, and purpose of the statute reveals a legislative intent to criminalize continuing conduct.").  According to the commentary to HRS § 708-836.5, the Legislature added this section to the Hawai'i Penal Code "due to the increased number of car thefts in the State." Thus, the Legislature's decision to criminalize "remain[ing] unlawfully in a motor vehicle" indicates that the Legislature explicitly considered that UEMV could be charged as a continuing course of conduct and intended that it would be a continuous offense in order to reduce the number of auto thefts.  See HRS § 708-836.5(1).

merged into the robbery offense . . . is one of fact that should have been submitted to the jury.") (citation and footnote omitted).

"The circuit court has the duty and ultimate responsibility to instruct the jury on the proper and relevant law." Lavoie, 145 Hawai'i at 433, 453 P.3d at 253 (citation omitted). Because the determination of whether the UEMV and felony abuse offenses merged was a question of fact for the jury to decide, the circuit court erred by refusing to provide a merger instruction and the error was prejudicial. See id. (holding that the trial court's failure to instruct the jury on the law of merger was prejudicial). Similarly, the ICA erred in affirming the circuit court and holding that no merger instruction was required.[9]

Next, we address Hardoby's claim that the proper remedy for the merger violation in his case is to remand to the circuit court for a new trial to allow the jury to determine whether the charged offenses merge. In State v. Padilla, the ICA held that the trial court committed plain error by failing

---

[9]    Additionally, the ICA erred by denying Hardoby's Motion for Reconsideration.  While the ICA did not have the benefit of this court's Lavoie decision when it entered its SDO, Hardoby did bring it to the ICA's attention in his Motion for Reconsideration and provided a copy of it to the ICA as an exhibit.  Thus, the ICA erred by concluding that Hardoby "has not provided any points of law or fact the court has overlooked or misapprehended[]" and denying Hardoby's Motion for Reconsideration.

to give a merger instruction in regards to firearms charges of felon-in-possession and place-to-keep.  114 Hawai'i 507, 517, 164 P.3d 765, 775 (App. 2007).  The State argued that even if the trial court erred by failing to instruct the jury on the law of merger, "a new trial is not necessary because the State could obviate the error by dismissing either [of the two counts]."  Id. The ICA agreed and remanded to the trial court, giving the State the option of either dismissing one count and retaining the judgment of conviction and sentence on the non-dismissed count, or, retrying the defendant on both counts "with an appropriate merger instruction."  Id. at 518, 164 P.3d at 776.

According to Hardoby, the remedy of allowing the State to dismiss one of the two charges and maintain the judgment of conviction and sentence on the other is only available if the State concedes the merger instruction error and requests to dismiss one of the counts.[10]

Hardoby is incorrect that the only remedy available in this case is a new trial.  Contrary to Hardoby's argument, the ICA's remedy in Padilla springs from the text of HRS § 701-109(1)(e), and not from the State's willingness to concede

---

[10]     In its response to Hardoby's application for writ of certiorari, the State maintains that the circuit court did not err by failing to provide a merger instruction, but requests that if this court disagrees, the State be permitted to dismiss one of the counts and maintain the judgment of conviction on the other.

16

the error on appeal. See id. at 517, 164 P.3d at 775. The ICA considered the plain language of HRS § 701-109(1)(e) which "only prohibits conviction for two offenses if the offenses merge; it specifically permits prosecution on both offenses." Id. The ICA also reasoned that this court had followed a similar approach in analogous situations. Id. (citing Garringer v. State, 80 Hawai'i 327, 334–35, 909 P.2d 1142, 1149–50 (1996) (remanding and giving the State the option of a new trial to permit the jury to make the required findings of fact or consenting to resentencing without the mandatory minimum); State v. Vanstory, 91 Hawai'i 33, 48–49, 979 P.2d 1059, 1074–75 (1999), superseded by statute on other grounds (remedying a merger violation by reversing the defendant's conviction for a lesser included offense and affirming the defendant's other conviction)).

We agree with the ICA's reasoning in Padilla. HRS § 701-109(1)(e) permits the State to prosecute Hardoby for both UEMV and felony abuse, but if his course of conduct was continuous and uninterrupted, Hardoby may only be convicted for one of those offenses. Here, the jury found Hardoby guilty beyond a reasonable doubt of both charges. Accordingly, on remand we afford the State the option of either dismissing one of the two charges and maintaining the judgment of conviction

17

and sentence on the non-dismissed count, or, retrying Hardoby on both counts with an appropriate merger instruction.

## IV.    CONCLUSION

Accordingly, the ICA's December 18, 2019 Judgment on Appeal is vacated and this case is remanded to the circuit court for further proceedings consistent with this opinion.

DATED:  Honolulu, Hawai'i, April 5, 2021.

Benjamin E. Lowenthal,
Deputy Public Defender,
for petitioner

Renee Ishikawa Delizo,
(Peter A. Hanano on the brief),
Deputy Prosecuting Attorneys,
for respondent

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Michael D. Wilson

/s/ Todd W. Eddins

