**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-24-0000059**
**17-APR-2026**
**07:49 AM**
**Dkt. 50 SO**

NO. CAAP-24-0000059

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
HEATHER R. NYBERG, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
SOUTH KOHALA DIVISION
(CASE NO. 3DTA-22-01270)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Wadsworth and Guidry, JJ.)

Defendant-Appellant Heather R. Nyberg (**Nyberg**) appeals from the January 18, 2024 Judgment of Conviction (**Judgment**) entered against her by the District Court of the Third Circuit, South Kohala Division (**District Court**).[1]

On June 7, 2022, Plaintiff-Appellee State of Hawai'i (the **State**) charged Nyberg with one count of Operating a Vehicle under the Influence of an Intoxicant (**OVUII**) in violation of Hawaii Revised Statutes (**HRS**) § 291E-61(a)(1)(2020)[2], one count

---

[1] The Honorable Jill M. Hasegawa presided.

[2] HRS § 291E-61(a)(1) states:

> **§ 291E-61  Operating a vehicle under the influence of an intoxicant.**  (a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:

(continued...)

of Driving Without a License in violation of HRS § 286-102(b)(3) (Supp. 2018)[3], and one count of Driving without Insurance in violation of HRS § 431:10C-104(a) (1997).

After a bench trial held on November 2, 2023, and January 18, 2024, the District Court found that the State had proven beyond a reasonable doubt the elements of Count 1, OVUII, and Count 2, Driving Without a License.  The District Court acquitted on Count 3.

Nyberg raises two points of error on appeal, contending that the District Court erred in:  (1) finding sufficient evidence of the offense of OVUII, and (2) failing to consider the merger of Counts 1 and 2.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve Nyberg's points of error as follows:

---

[2](...continued)

> (1)  While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty[.]

[3]  HRS § 286-102(b) states:

> **§ 286-102  Licensing.**
>
> . . . .
>
> (b)  A person operating the following category or combination of categories of motor vehicles shall be examined as provided in section 286-108 and duly licensed by the examiner of drivers:
>
> . . . .
>
> (3) Passenger cars of any gross vehicle weight rating, buses designed to transport fifteen or fewer occupants, [and] trucks and vans having a gross vehicle weight rating of eighteen thousand pounds or less[.]

(1)    Nyberg argues that Hawaiʻi Police Department Officer Severo Ines (**Officer Ines**) made errors in his administration of the standard field sobriety tests (**SFSTs**) that made his testimony insufficient to support a conviction. Specifically, Nyberg argues that Officer Ines failed to ask whether Nyberg suffered from physical defects or speech impediments that could have provided an alternative explanation for her performance on the SFSTs.

To prove OVUII, the State must show beyond a reasonable doubt that (1) the suspect was intentionally, knowingly, or recklessly (2) "under the influence of alcohol in an amount sufficient to impair [her] normal mental faculties or ability to care for [herself] and guard against casualty."  HRS § 291E-61(a)(1); State v. Nesmith, 127 Hawaiʻi 48, 53-54, 276 P.3d 617, 622-23 (2012).

It is well-established that an officer may testify about a defendant's performance on SFSTs.  See, e.g., State v. Ferrer, 95 Hawaiʻi 409, 427, 23 P.3d 744, 762 (App. 2001); State v. Ah Mow, CAAP-21-0000312, 2024 WL 4298170, *2 (Haw. App. Sept. 26, 2024) (SDO); State v. Kwong, 149 Hawaiʻi 106, 118, 482 P.3d 1067, 1079 (2021).  While a police officer may not opine as to whether a driver is intoxicated, their observations of a defendant's performance can constitute sufficient evidence of OVUII.  Ah Mow, 2024 WL 4298170 at *2; State v. Uchima, 147 Hawaiʻi 64, 85, 464 P.3d 852, 873 (2020); see also State v. Manion, 151 Hawaiʻi 267, 274, 511 P.3d 766, 773 (2022) ("Purely physical evidence can provide incriminating information about a person's mental faculties yet nonetheless be nontestimonial.").

During the early morning hours of January 24, 2022, Officer Ines responded to a one-car traffic collision on Kawaihae Road near Opelo. He observed a car with damage to the front and saw Nyberg leaning against the car, slightly swaying side-to-side. Officer Ines testified that Nyberg's speech was very slurred, her eyes were glassy, and he detected the strong odor of alcohol on her breath. He administered a horizontal gaze nystagmus (**HGN**) test. Officer Ines observed lack of smooth pursuit and sustained and distinct nystagmus in both eyes. During the test, Nyberg swayed from side to side. Officer Ines attempted to administer a walk-and-turn test, but Nyberg could not keep her balance, stepped off the line, and stated her foot hurt, preventing completion of the test. Nyberg began a one-leg-stand test twice before Officer Ines instructed her to begin. Because she was unable to maintain her balance, Nyberg could not complete the test.

In addition to Officer Ines's testimony, evidence admitted and reviewed by the District Court in this case included Officer Ines's body-worn camera footage of Nyberg during her interaction with the officer.

Officer Ines's failure to ask whether Nyberg suffered from physical defects or speech impediments goes to the weight of the evidence, not its sufficiency. We do not weigh evidence on appeal. See, e.g., State v. Yabusaki, 58 Haw. 404, 410, 570 P.2d 844, 848 (1977). Viewing the evidence in the light most favorable to the prosecution, we conclude that the District Court did not err in finding substantial evidence to support a conviction of OVUII.

4

Nyberg also argues that there was insufficient evidence to show the requisite *mens rea* to prove OVUII. Given the difficulty in proving the *mens rea* element by direct evidence, Hawaiʻi courts "have consistently held that . . . proof by circumstantial evidence and reasonable inferences arising from circumstances surrounding the [defendant's conduct] is sufficient[.] Thus, the mind of an alleged offender may be read from his [or her] acts, conduct and inferences fairly drawn from all the circumstances." State v. Batson, 73 Haw. 236, 254, 831 P.2d 924, 934 (1992) (quoting State v. Sadino, 64 Haw. 427, 430, 642 P.2d 534, 536–37 (1982)).

Here, the circumstantial evidence was sufficient to show that Nyberg acted intentionally, knowingly, or recklessly. As set forth above, Nyberg's behavior was consistent with someone who had driven while impaired. It was reasonable for the District Court to infer that Nyberg intentionally operated her vehicle while impaired. Therefore, we conclude that the District Court did not err in finding substantial evidence of OVUII.

(2) Nyberg argues that the District Court plainly erred in failing to consider whether Count 1, OVUII, and Count 2, Driving Without a License, constitute a continuing course of conduct that should merge.

HRS § 701-109 (2014) states in relevant part:

> **§ 701-109 Method of prosecution when conduct establishes an element of more than one offense.** (1) When the same conduct of a defendant may establish an element of more than one offense, the defendant may be prosecuted for each offense of which such conduct is an element. The defendant may not, however, be convicted of more than one offense if:
>
> . . . .

5

> (e)   The offense is defined as a continuing course of conduct and the defendant's course of conduct was uninterrupted, unless the law provides that specific periods of conduct constitute separate offenses.

The Hawaiʻi Supreme Court has held:

> HRS § 701-109(1)(e) prohibits multiple convictions where the defendant's actions constitute an uninterrupted, continuing course of conduct. **This prohibition, however, does not apply where these actions constitute separate offenses under the law.** . . . [W]here a defendant in the context of one criminal scheme or transaction commits several acts independently violative of one or more statutes, he [or she] may be punished for all of them if charges are properly consolidated by the State in one trial.

State v. Hoopii, 68 Haw. 246, 251, 710 P.2d 1193, 1197 (1985) (footnote and citations omitted; emphasis added).

The OVUII statute and the Driving Without a License statute state separate offenses that do not seek to redress the same conduct, although both involve driving.  The main thrust of the OVUII statute is to prohibit intoxicated driving, whereas the Driving Without a License statute enforces the requirement that one must hold a valid driver's license to drive.  Violation of these statutes constituted separate and independent offenses, which are not subject to merger.  Nyberg's argument to the contrary is without merit.

For these reasons, the District Court's January 18, 2024 Judgment is affirmed.

DATED:  Honolulu, Hawaiʻi, April 17, 2026.

On the briefs:                         /s/ Katherine G. Leonard
                                       Presiding Judge
Lydia M. Grasso,
Deputy Public Defender,                /s/ Clyde J. Wadsworth
for Defendant-Appellant                Associate Judge

Nathan A. Wersal,                      /s/ Kimberly T. Guidry
Deputy Prosecuting Attorney,           Associate Judge
for Plaintiff-Appellee